E. WINEBURGH, Doing Business under the Name and Style of E. WINEBURG & CO., PLAINTIFF IN ERROR,

*v.*

J. ULRICH SCHAER, DEFENDANT IN ERROR.

If the owner of a stock of general merchandise gives a chattel mortgage on his stock in trade, and continues to sell and dispose of the same, in the usual course of business, appropriating the proceeds of such sales to his own use, with the knowledge and consent of the mortgagee, the mortgage is void as to the creditors of the mortgagor.

In so holding, the Court follows the binding authority of the Supreme Court of the United States, as laid down in the case of *Robertson* v. *Elliott*, 22 Wallace, 513, and does not attempt to establish a rule from the conflicting views of the State Courts on the subject.

The Statutes of the Territory respecting chattel mortgages, and the registration thereof, do not change the rule of the common law, so as to relieve such a mortgage from being void as to third persons.

ERROR, to Second Judicial District, holding terms at Yakima City.

*Allen & Whitson*, for Plaintiff in error.

A mortgage of a stock of merchandise, where the mortgagor remains in possession and sells the same in the ordinary course of business, applying the proceeds to his own use and benefit, with the knowledge and consent of the mortgagee, is fraudulent *per se*, and void as to creditors of the mortgagor. (*Robertson et al.* v. *Elliott*, 22 Wallace, 513; *John Catlin, Ass. of John A. Daly*, v. *Wm. Currier*, 1 Sawyer, 7; *In re* Morrill, 2 Sawyer, 356; *Smith* v. *McLean*, 10 N. B. R., 260, Miss.; *Re* Forbes, 5 Biss., 510 Ill.; *Crooks* v. *Stuart*, 2 McCrary, 13 Iowa; *Re* Manly, 2 Bond, 261, Ohio; *Re* Perrin, 7 N. B., 283, N. Y.; *Smith* v. *Kennedy*, 1 Mackey, 12; *Fox* v. *Davidson*, 1 Id. 102; *Ranlett* v. *Blodgett*, 43 Am. Dec. 603; *Orton* v. *Orton*, 7 Or. 478; *Jacobs Bros. & Co.* v. *Ervin*, 9 Id. 52; Smith's Leading Cases, 7 Am. ed., 52; Hermann on Chattel Mortgages, pp. 92, 93, 94, 95, and 222–236; *Horton* v. *Williams*, 21 Minn. 187; *Gere* v. *Murray*, 6 Id. 305; *Place* v. *Langworthy*, 13 Wis. 629; *Greenebaum* v. *Wheeler*, 90 Ill. 296; *Perry* v. *Shenandoah*, 29 Gratt. 755; *Addington* v. *Etheridge*, 12 Id. 436; *Lang* v. *Lee*, 3 Randall, 410; *Wood* v. *Lowry*, 17 Wend. 492; *Mittnacht* v. *Kelly*, 3 Keyes, 407; *Russell* v. *Winne*, 37 N. Y. 591; *Brackett* v. *Harvey*, 91 Id. 214; *Putnam* v. *Osgood*, 51 N. H. 192; *Putnam* v. *Osgood*, 52 Id. 148; *Coburn* v. *Pickering*, 14 Am. Dec. 375; *Harman* v. *Abbey*, 7 Ohio State, 218; *Chophard* v. *Bayard*, 4 Minn. 533; *Stein* v. *Munch*, 24 Id. 390; *Mann* v. *Flower*, 25 Id. 500; *Blakeslee* v. *Rossman*, 43 Wis. 116; *Brooks* v. *Wimer*, 20 Mo. 503; *Walter* v. *Wimer*, 24 Id. 63; *White* v. *Graves*, 68 Mo. 218; *State* v. *Jacob*, 2 Mo. App. 183; *Cator* v. *Collins*, 2 Id. 225; *State* v. *Mueller*, 10 Id. 87; *Tenn. Nat'l Bank* v. *Ebbert*, 9 Heisk. 153; *McCrasly* v. *Hasslock*, 4 Baxter, 1; *Harmon* v. *Hoskins*, 56 Miss. 142; *Joseph* v. *Levi*, 58 Id. 843; *Baldwin* v. *Flash*, 58 Id. 593, and 59 Id. 61; *Bank* v. *Goodrich*, 3 Col. 139; *Kuhn* v. *Mack*, 4 W. Va. 186; *Molbey* v.

*Letts,* 61 Ind. 11; *Davenport* v. *Foulke,* 68 Id. 382; Jones on Chattel Mortgages, par. 351; Pierce on Mortgage of Merchandise, par. 162.

The rule is the same where the mortgage itself provides that the mortgagor shall remain in possession and sell the goods, as when it is agreed that he may remain in possession by agreement outside of the mortgage, and the fact that there is such an agreement may be proved by parol, or may be inferred from circumstances. (*Dunning* v. *Mead,* 90 Ill. 376 ; *Simmons* v. *Jenkins,* 76 Id. 479 ; *Barnet* v. *Fergus,* 51 Id. 352 ; *Edgell* v. *Hart,* 13 Barb. 380 ; *Southard* v. *Benner,* 72 N. Y. 424; *Freeman* v. *Rawson,* 5 Ohio State, 1 ; *Stanley* v. *Bunce,* 27 Mo. 269 ; *Billingsly* v. *Bunce,* 28 Id. 547 ; *McLean* v. *Bank,* 3 McLean, 623, Ohio ; *Bowen* v. *Clark,* 1 Biss. 128, Wis. ; *Re* Kahley, 2 Id. 383 ; *Re* Cantrell, 6 Ben. 482 N. Y.; *Re* Burrows, 7 Biss., 526 Ind.; *Smith* v. *Eli,* 10 N. B. R. 553, N. Y.; *Re* Kirkbridge, 5 Dillon, 116 Mo.; *Steinart* v. *Denster,* 23 Wis. 136.)

Whether the mortgage was fraudulent in law or not, the facts pleaded in the answer raised a presumption of fraudulent intent, which the mortgagee should have rebutted by evidence. Hence the Court erred in sustaining the demurrer, but should have heard evidence, and thereby determined whether in fact there was fraud in the transaction. (*Googins* v. *Gilmore,* 47 Me. 9; *Briggs* v. *Parkman,* 2 Metc. 258 ; *Gay* v. *Bidwell,* 7 Mich. 519; *Jones* v. *Huggeford,* 3 Metc. 515; *Scott* v. *Alford,* 53 Texas, 82 ; Jones on Chattel Mortgages, paragraph 416 ; Bigelow on Fraud, 468, 474.)

In a mortgage of merchandise, such as the parties to this action have made, a purchaser gets a good title to the article purchased. (*Ogden* v. *Stewart,* 29 Ill. 122.)

Section 1987 of the Code of Washington Territory apparently places a creditor of the mortgagor and a subsequent purchaser upon the same footing, and to hold that a mortgage is valid as to one and void as to the other, would defeat the intention of the Legislature.

This is in effect a trust made for the benefit of the mortgagor. Such conveyances are fraudulent. (Code of Washington Territory, Sec. 2324 ; *Mackie* v. *Cairns,* 15 Am. Dec. 477 ; *Brown* v. *Donald,* 1 Hill Ch. 297 ; *Jackson* v. *Parker,* 9 Cow. 73 ;

*Van Wyck* v. *Seward*, 18 Wend. 375; *Lukins* v. *Aird*, 6 Wallace, 78; *Smith* v. *Smith*, 11 N. H. 460.)

Some Courts have held such a mortgage valid, and give as an instance the mortgage of a particular chattel, such as a horse, urging that there is no difference between the two. But a mortgage of a specific chattel, with absolute power of disposition in the mortgagor reserved, is void as to creditors. (Herman on Chattel Mortgages, 234; Jones on Chattel Mortgages, par. 352; *Collins* v. *Myers*, 16 Ohio, 547; *Davis* v. *Ransom*, 18 Ill. 396.)

Section 1999 of the Code of Washington Territory makes it a misdemeanor to sell or dispose of mortgaged property. This vitiates a mortgage, where such an agreement as the answer sets up is made; because it is a contract in violation of law, and neither party can invoke the aid of a Court of Equity to uphold such a contract. (Pomeroy's Equity Jurisprudence, par. 402 and note 1; Id. par. 929; Herman on Chattel Mortgages, 224, 225.)

And such agreement as between the mortgagor and mortgagee is no answer to an indictment under this section, which clearly implies that such provision is not for the benefit of the mortgagee alone. (Id., 237, 238; *State* v. *Plaisted*, 43 N. H. 413; *Commonwealth* v. *Damon*, 105 Mass. 580.)

*D. W. Stair* and *Reavis & Pruyn*, for Defendant in error.

It is conceded there is much conflict of authority in the American Courts on this question. But it is thought an examination of the cases will show that the Courts of last resort, in at least one half of the States where the question has arisen, have sustained such mortgages; while the whole current of authority in the modern English adjudications sustains their validity.

The question, it is believed, has been passed upon in only about two-thirds of the States and Territories in the United States. (Jones on Chattel Mortgages, Secs. 413, 414; second edition; *Price* v. *Mazange*, 31 Alabama, 701; *McLaughlin* v. *Ward*, 77 Indiana, 383; *Lockwood* v. *Harding*, 79 Indiana, 129; *Hughes* v. *Carey*, 20 Iowa, 399; *Clark* v. *Hyman*, 55 Iowa, 14, 21; *Frankhouser* v. *Ellett*, 22 Kansas, 127, 150; *Cameron* v. *Marvin*, 26 Kansas, 612, 625; *Ross* v. *Wilson*, 6 Bush, 29; *Enders* v. *Williams*, 1 Mod., 7 Ky. 346; *Daniel* v. *Morrison*, 6

Dana, 182 ; *Googins* v. *Gilmore,* 47 Maine, 9 ; *Brown* v. *Thomp-son,* 59 Maine, 372 ; *Jones* v. *Huggeford,* 3 Med., Mass. 515 ; *Fletcher* v. *Powers,* 131 Mass. 333 ; *Sleeper* v. *Chapman,* 121 Mass. 404 ; *Hamilton* v. *Rogers,* 8 Maryland, 301 ; *Gay* v. *Bidwell,* 7 Michigan, 519 ; *Wringler* v. *Sibley,* 35 Michigan, 231 ; *Leland* v. *Collyer,* 34 Mich. 418 ; *Summers* v. *Roos,* 42 Miss. 749 ; *Turner* v. *Killian,* 12 Nebraska, 580 ; *Miller* v. *Schreve,* 29 N. J. L. 250 ; *Williams* v. *Winsor,* 12 Rhode Island, 9 ; *Scott* v. *Alford,* 53 Texas, 82 S. C.)

In the Circuit and District Courts of the United States the question has arisen several times and been passed upon. Gen-erally, the decisions have followed the doctrine established in the State in which the case arose. (*Barron* v. *Morris,* 14 N. Bank, R. 150 ; *Miller* v. *Jones,* 15 N. Bank, R. 150 ; *Brett* v. *Carter,* 2 Lowell, 458.)

The Supreme Court of the United States, in a case coming to it from the State of Indiana, has held the contrary doctrine. But the decision had reference to the supposed rule of the Courts of Indiana upon the subject. (*Robinson* v. *Elliott,* 22 Wall. 513 ; Jones on Chattel Mortgages, Sec. 415, 2d ed.)

Under the registry laws the retaining possession by the mort-gagor being no longer required, and no longer a badge of fraud in law, there is no reason why a reasonable use of the property by the mortgagor should be held to constitute fraud in law. The contrary view renders nugatory the policy of the registry laws. (*Torbert* v. *Hayden,* 11 Iowa, 435 ; *Hughes* v. *Cary,* 20 Iowa, 399.)

Such mortgages are consistent with the lien authorized by our statutes, and are sanctioned by sound principle and public policy. (*People* v. *Bristol,* 35 Mich. 28 ; *Mitchell* v. *Winslow,* 2 Story, 530, 634.)

When the Legislature authorized merchandise to be mort-gaged, and made recording of the mortgage the equivalent of possession in the mortgagee at common law, it authorized the ordinary use of such merchandise by the mortgagor. Any oth-er view would render the right to mortgage such chattels value-less, and the statute useless. (Jones on Chattel Mortgages, Sec. 380 ; *Torbert* v. *Hayden,* 11 Iowa, 345.)

Section 1999 of the Code of Washington is evidently designed

for the protection of the mortgagee ; and *ex vi termini* indicates that the power of assent to the continued possession and use of the mortgaged property in the mortgagor exists in the mortgagee.

Opinion by TURNER, Associate Justice.

This action was commenced in the District Court of the Second Judicial District, holding terms at Yakima City.

The defendant in error filed his complaint in the Court below, for the foreclosure of a chattel mortgage upon a certain stock of goods, wares, and merchandise, making John Schaer, the mortgagor, E. Wineburgh, attaching creditor of the mortgagor, and J. J. Tyler, Sheriff of Yakima County, who served the attachment, defendants. The answer of E. Wineburgh admitted the taking on attachment by the sheriff, at his suit, of a portion of the stock of goods in question.

For a further defense, the answer sets up that the mortgagor, John Schaer, at the time of the execution of said mortgage, and continually thereafter, and until the attachment by the plaintiff in error, was a general merchant doing business at Yakima City, and was at the time he executed said mortgage and continuously under said attachment: and that he retained possession of said mortgaged stock of goods, all of which the defendants in error well knew. That the stock of goods continued in his possession, and that he was allowed to sell the same, with the knowledge and consent of the defendant in error, and to apply the proceeds to his own use and benefit in the ordinary course of his business.

That the plaintiff in error, E. Wineburgh, caused the attachment to issue on an indebtedness against the said John Schaer, contracted prior to the said mortgage, for $920.51, the same being the balance of an account for goods, wares, and merchandise sold by plaintiff in error to said John Schaer. To this answer the defendant in error interposed a general demurrer, which was sustained by the Court ; and plaintiff in error, electing to stand upon his demurrer, judgment was rendered against him. He brings the case to this Court by appeal.

The only question presented for decision is as to the sufficiency of the answer of the plaintiff in error. If said answer con-

stitutes a good defense, then the lien of the attachment, which it was the object of the defendant in error to have declared junior to the lien of his mortgage, must prevail, and defeat the mortgage.

The question as to whether a mortgage of chattels, such as a stock of goods, is fraudulent *per se*, in cases where the mortgagor retains the possession, with power to sell and dispose of the goods in the course of his business, has been much considered, and variously decided by the Courts of this country. The cases upon each side of the question were called to the attention of the Court in the argument of the case at bar, and the reasons upon which they proceeded, and the force and effect which should be given to them upon principle, were ably discussed and illustrated by counsel upon both sides. If we were at liberty to do so, it would be profitable to take up these cases, and attempt to extract from them the rule upon the subject that seems to be most consonant with sound reason. We are stopped on the threshold of the investigation, however, by an authority of such weight, that it would have great force with the Court of any State where the question was still an open one; and that, as to this Court, is binding and authoritative. We refer to the decision of the Supreme Court of the United States, in the case of *Robinson* v. *Elliott*, reported in 22 Wallace, p. 513. It was decided in that case, by the unanimous voice of the full bench, that a chattel mortgage upon a stock of goods in trade, which permits the mortgagor to remain in possession of the property, and in its disposition by sale in due course of trade, at his discretion, until the maturity of the debt purporting to be secured by it, is fraudulent and void as to other creditors, without reference to the *bona fides* of the parties. We gather from the opinion, however, that the Court strongly doubted if the mortgage would be invalid, in case the money derived from the sale of the mortgaged property was applied, and was understood to be applied, to the extinction, in whole or in part, of the mortgage debt.

This authority must govern us in the decision of this case. It is insisted, however, by the counsel for the defendants in error, that the laws of the Territory providing for the regulation of chattel mortgages, and for an affidavit of the mortgagor to

accompany the mortgage, in which he shall declare that the mortgage is made in good faith, etc., and the law making it a penal offense to sell or remove mortgaged property without the consent of the mortgagee, have changed, by necessary implication, the rule of the common law on the subject.   We think not. Similar provisions, and in some respects, stronger provisions in the laws of Indiana, were urged upon the Court in *Robinson* v. *Elliott*, as a virtual abrogation of the common law rule in that State, but the Court refused to so consider them.   The statutes referred to provided for the registration of chattel mortgages, and declared " that the question of fraudulent intent in all cases shall be deemed a question of fact."   There is nothing in the statutes of this Territory affording so strong an implication in favor of the position contended for, as the language of the Indiana statute which we have quoted.   The statute providing for an affidavit of good faith, in addition to the recording of the mortgage in cases where the mortgagor retains possession, is rather a strong expression of legislative opinion against the propriety of such mortgages in all cases, than an implied recognition of the rights of the mortgagor to control and dispose of the mortgaged goods.

The statute making it an offense to sell or remove the mortgaged goods without the consent of the mortgagee, was intended for the protection of the mortgagee, and to enforce fair dealing on the part of the mortgagor toward him.

Undoubtedly, the mortgagor may sell the mortgaged goods without violating this statute, if he have the assent of the mortgagee.   The effect of such assent upon the mortgage, however, as between the mortgagee and other creditors, is left to be declared by the rules of law relating to the validity of mortgages.

The facts set up in the answer bring the mortgage under consideration within the principle laid down in the case of *Robinson* v. *Elliott*, and upon said facts the mortgage was void, as against the plaintiff in error.   The demurrer should have been overruled.

The judgment of the Court below is reversed, and the cause remanded, with directions to proceed to judgment in conformity with this opinion.

We concur : S. C. WINGARD, Associate Justice.
       ROGER S. GREENE, Chief Justice.