[No. 9511. Department One. December 20, 1911.]

## L. E. Van Winkle, *Receiver etc., Appellant,* v. A. G. Mitchum *et al., Respondents.*[1]

Chattel Mortgages — Filing and Recording — Statutes — Construction. Under Rem. & Bal. Code, § 3661, requiring chattel mortgages to be "filed" with and indexed by the county auditor and that they shall "remain on file for the inspection of the public," and § 3665, providing that chattel mortgages to secure the sum of $300 may be "recorded" and indexed with like force and effect as if this act had not been passed, but that they shall "also be filed and indexed as required by this act," a chattel mortgage for over $300, if recorded, need not remain on file, in order to give notice thereof to creditors of the mortgagor.

Chattel Mortgages—Stock of Goods—Possession and Sales by Mortgagor—Fraud Upon Creditors. A chattel mortgage of a stock of goods which permits the mortgagor to remain in possession, and by contemporaneous parol agreement to sell goods for the purpose of replenishing his stock and paying expenses instead of applying all of the proceeds to the payment of the mortgage debt, is not fraudulent as to creditors unless it was given for the purpose of aiding the mortgagee to accomplish that purpose.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered January 5, 1911, in favor of the defendants, dismissing an action to set aside a chattel mortgage foreclosure and sale, as a fraud upon creditors of an insolvent corporation, upon sustaining a demurrer to the complaint. Affirmed.

*H. J. Hibschman,* for appellant.

*Merritt, Oswald & Merritt,* for respondents.

Dunbar, C. J.—The complaint, to which a demurrer was sustained, alleged in substance that Mitchum, Green, and Adams, as copartners, were conducting a bank under the name of Bank of Harrington; that the insolvent corporation for which appellant was appointed receiver gave the said

[1]Reported in 119 Pac. 748.

Bank of Harrington a chattel mortgage of all its personal property, which mortgage was afterwards recorded in the proper county, but that neither the original chattel mortgage nor a copy of it was left on file in the office of the county auditor; that the creditors named in the complaint as having presented their claims to the receiver knew nothing about the execution and delivery of the mortgage, and had no notice or knowledge regarding it; that afterwards the respondents instituted foreclosure proceedings by the summary methods provided by statute, and that the goods were sold under such procedure; that, during the interval which elapsed between the excution of the mortgage and the sheriff's sale, the insolvent corporation was in full possession of all the property described in the mortgage (which it is not necessary to describe here) ; that it used and sold the merchandise in its possession after a mortgage was given in the regular course of its business, purchasing other mer-. chandise and commingling the same, etc.; that the creditors named sold to said corporation materials, goods, wares and merchandise of the value of $1,300, which claims were due and owing at the time the appellant was appointed receiver and at the time of the verification of the complaint; asked that the aforesaid mortgage and the attempted foreclosure thereof and sale thereunder be adjudged null and void, and held for naught as against the plaintiff, and that he have judgment for the delivery to him of all property described in said mortgage; and that, if such delivery could not be made, he have judgment against the defendants for the full value thereof, together with costs. This action was brought by the receiver for the benefit of the creditors. This is a sufficient recital of the allegations of the complaint for the purposes of the determination of this case.

There are two main contentions relied upon by the appellant, and only two that are discussed in the brief. A third argument is made, to the effect that the receiver is the proper person to attack the validity of the mortgage,

but this proposition is confessed by the respondents, and it is not necessary to notice it here. The first proposition is that the chattel mortgage, although it may be recorded, must also be left on file in the office of the county auditor, or else a certified copy of it must be left on file there, in order to be notice to creditors; and that simply recording the chattel mortgage, without leaving it on file or leaving a certified copy there, does not constitute notice. The second is that, where the mortgagor of a stock of merchandise is allowed to remain in possession and to dispose of the goods in the ordinary course, appropriating the proceeds of the sale thereof without the knowledge and consent of the mortgagee, the mortgage is void as to creditors. On the first proposition it would be adding something to the statute to hold that the mortgage which had been recorded should be left on file after it was so recorded. Section 3661, Rem. & Bal. Code, provides:

"Every such instrument [referring to chattel mortgages] within ten days from the time of the execution thereof shall be filed in the office of the county auditor of the county in which the mortgaged property is situated, and such auditor shall file all such instruments when presented for the purpose, upon the payment of the proper fees therefor, indorse thereon the time of reception, the number thereof, and shall enter in a suitable book to be provided by him at the expense of his county, with an alphabetical index thereto, used exclusively for that purpose, ruled into separate columns with appropriate heads, 'The time of filing,' 'Name of mortgagor,' 'Name of mortgagee,' 'Date of instrument,' 'Amount secured,' 'When due,' and 'Date of release.' An index to said book shall be kept in the manner required for indexing deeds to real estate. . . . Such instrument shall remain on file for the inspection of the public."

If this were the only section to construe, appellant's contention would undoubtedly be correct, the direction being definite and certain, and for the very good reason that, if the mortgage did not remain on file, there would be no notice whatever of what the mortgage contained, as there is no

record of it.   But Rem. & Bal. Code, § 3665 provides as
follows:

"A mortgage given to secure the sum of three hundred
dollars or more exclusive of interest, costs and attorneys
or counsel fees may be recorded and indexed with like force
and effect as if this act had not been passed, but such a
mortgage or a copy thereof must also be filed and indexed
as required by this act."

This has reference to another class of mortgages, with a
method for giving notice distinct from the other.   Here the
method is by recording, and there is no mandatory pro-
vision that it shall remain on file after it is recorded, pre-
sumably for the reason that there is no necessity for it so
to remain, for it would add nothing to the notice given by
the record provided for.   It is true that § 3665 provides
that a copy thereof must also be filed and indexed as re-
quired by the act, but the solicitude of the statute in that
regard is directed to the index, and of course it could not
very well be indexed unless it was filed.   But the statute
not requiring it to be kept on file, as in § 3661, and there
being no benefit to flow from such a requirement, we are
not inclined to interpolate the requirements into the statute
by contruction.   Hence, we hold that the statutory notice
was complied with.

On the second proposition, it has been the law of this
state since the announcement of the rule in *Ephraim v. Kel-
leher*, 4 Wash. 243, 29 Pac. 985, 18 L. R. A. 604, that an
indemnity mortgage upon a stock of goods which permits
the mortgagor to remain in possession and, by parol agree-
ment made at the time of its execution, permits him to ap-
propriate part of the proceeds of the sale of the property for
the purpose of replenishing the stock and paying the current
expenses of the business, instead of applying all the pro-
ceeds to the payment of the indebtedness for which the mort-
gage was given, is not fraudulent as to other creditors, un-
less the mortgage was given for the purpose of aiding the

debtor to defraud such other creditors. This is an exhaustive opinion, reviewing the earlier territorial cases cited by the appellant in this case in support of its contention. The mercantile interests of the state have relied upon the law thus announced for nearly twenty years, and it would work a grave injustice to now modify or change the rule.

There being no fraud alleged, and the principles involved in this case being identical with the principles involved in the case mentioned, the judgment is affirmed.

Mount, Parker, Fullerton, and Gose, JJ., concur.