THEOBALD & al., Admr's, versus STINSON, Adm'r.

The plaintiff, to show charges made against him within six years from the commencement of his action upon an account, cannot give in evidence a set-off made up and filed by the *attorney* of the ⸢defendant, which was withdrawn by leave of Court, before the trial of the action.

But, *it seems*, that if such set-off had been *personally* filed by defendant, or the items had been made out in his *handwriting*, the act done, and the contents of the paper might be admissible.

Where the limitation bar has attached to all the items in the plaintiff's account, he cannot revive it, by showing some acts of labor performed by defendant for him within six years from the commencement of his action, unless there was some *account* made of it.

Of what constitutes an account.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

ASSUMPSIT on an account annexed. The writ was dated May 24, 1850. The pleadings filed were the general issue and the statute of limitations.

The account of the plaintiffs' intestate, commenced Dec. 29, 1815, and terminated on Aug. 27, 1843.

The counsel for defendant's intestate filed an account in set-off, commencing in October, 1844, and ending in Sept. 1845. This account was withdrawn by leave of the Court before the action came on for trial.

Plaintiffs gave notice to defendant to produce the book of original entries of his intestate, and the original of the account in set-off, which he declined.

They then offered in evidence an attested copy of the account in set-off, and further offered to prove, that the account in set-off was filed by defendant in this case, and the contents of the same.

This evidence was rejected.

The plaintiffs then called witnesses, by whom it appeared, that the minor children of defendant's intestate performed labor for plaintiffs' intestate in his field some portion of the months of May, August and October, 1844. They worked with the team and tools of said defendant.

The case was then taken from the jury, and it was stipulated that a copy of the defendant's account in set-off, with

the filing thereon, if admissible under the circumstances, might be considered in the case, and the Court to draw such inferences as a jury, and to render such judgment as the law requires.

*Foot, jr.,* for defendant.

1. The plaintiff could not introduce a copy of the account in set-off in evidence, because the *original* had no *validity* or existence, and the filing was no admission on the part of defendant, and a copy could be no better.

2. No services at all are legally shown, (or established by competent evidence,) as having been performed by defendant by way of set-off to plaintiff's demand.

3. If services are shown, they do not create mutuality as is contemplated by the statute and authorities.

*Ingalls,* for plaintiffs.

1. The account between the two intestates was "a mutual and open account current" and the last item proved was within six years before the date of the writ. *Davis* v. *Smith,* 4 Greenl. 337; *Penniman* v. *Rotch,* 3 Metc. 216; *Chamberlain* v. *Cuyler,* 9 Wend. 126; *Tucker* v. *Ives,* 3 Cow. 193; Angell on Lim. pp. 132, 134, 138, 139.

2. It is immaterial whether the item in such account is in the plaintiff's or defendant's account. R. S., c. 146, § 9.

3. If the defendant does not file an account in set-off, it is competent for the plaintiff to prove an item of charge of defendant as he would any other fact. 3 Metc. 216, before cited.

4. Proof that defendant filed an account in set-off, and the contents of it, is competent evidence to establish a mutuality of dealings between the parties, notwithstanding the account may have been withdrawn by leave of Court. This was a production of his account to the opposite party; an admission that cannot be withdrawn.

CUTTING, J. — The plaintiffs in this action seek to recover the amount of certain charges for professional services as a

physician, contained in their intestate's book of accounts, commencing December 29, 1815, and ending August 27, 1843.

The defence relied upon, is the statute of limitations, the date of the last item being more than six years prior to the commencement of the suit; which is a sufficient answer, unless the plaintiffs, taking upon themselves the burden of proof, shall show that the action was "brought to recover the balance due upon a mutual and open account current," and that "the time of the last item proved in the (defendant's) account," was within six years before the date of their writ. R. S., c. 146, § 9.

They attempt to do so:— *First,* by offering in evidence a copy of defendant's intestate's account originally filed in set-off, which in *Theobald* v. *Colby,* 35 Maine, 179, was permitted to be withdrawn.

Before the trial the plaintiffs had given due notice to produce the book of original entries of the defendant's intestate, and the original account in set-off, which they offered to prove had been filed by the defendant; and neither having been produced at the trial, they offered in evidence an attested copy of the original account, and also proof of its contents, and neither was admitted. Was this evidence rightfully excluded?

If the defendant (then Colby,) had personally filed his account in set-off, or proof had been offered that it was in his handwriting, perhaps no good reason can be given why evidence of those facts, as well as the contents of that paper, under the circumstances, should not have been admitted; but inasmuch as we are to determine the rights of these parties, upon the whole evidence in this case, and perceiving that the original account was not so filed by the defendant's intestate, but by his attorneys, we must come to the conclusion, that the proof offered, if admitted, would have failed to establish a fact shown to have been otherwise by the copy, which is made a part of the case. Was the set-off filed by the attorneys, after the same had been withdrawn, admissible for the purpose of showing an in-

debtedness to their client? We think not. Whatever might have been its effect, if suffered to remain on the files of the Court up to the time of, and during the trial, the attorney's act of withdrawal counteracted that of the filing, and rendered such a paper inadmissible for any purpose. Suppose that the attorneys, instead of filing the account, had demurred to the plaintiffs' declaration, (which would have admitted their claim,) and afterwards, by leave of Court, had withdrawn the demurrer and filed the general issue; would it be contended, that the plaintiffs under the latter could have introduced evidence of the former plea? With no more propriety can they show the prior, but subsequently nullified proceeding of the defendant's counsel.

*Secondly*, the plaintiffs contend, that they have proved labor performed by the defendant's intestate for their intestate in May, August and October, 1844, thereby showing " a mutual and open account current" between the parties. And assuming such facts to have been established, the question arises, as to what constitutes an "account." Lexicographers define it to be " a sum stated *on paper ;* a *registry* of a debt or credit; an entry in a book of things bought or sold, of payments, services, &c." And the learned Chancellor (in *Renss. Glass Factory* v. *Ried*, 5 Cow. 593,) " a list or catalogue of items, whether of debts or credits." In this case, there is no evidence, that the defendant's intestate kept any books, or made any charges whatever, and the presumption would be, in the absence of proof to the contrary, that he received payment when the services were, performed. If the defendant's *intestate* then kept no account, the question of mutuality becomes immaterial.

This construction does not conflict, but is rather in harmony with that given in *Penniman* v. *Rotch*, 3 Metc. 216, cited by plaintiff's counsel, where it was in proof that " the defendant said there is an unsettled *account* between me and Penniman," thus admitting a most material fact, which

the plaintiffs here have failed to prove, and according to the agreement of the parties, a nonsuit must be entered.

*Plaintiffs nonsuit.*

SHEPLEY, C. J., and RICE and APPLETON, J. J., concurred.