[No. 721. Decided March 7, 1893.]

HENRY BINNIAN, *Respondent*, v. A. J. BAKER, *Appellant*.

CONVERSION OF MORTGAGED CHATTELS — ACTION BY MORTGAGEE.

A complaint by a mortgagee of chattels against a subsequent mortgagee for their conversion does not state facts sufficient to constitute a cause of action, when it contains no allegation of actual possession by plaintiff at the time of the alleged conversion, nor of his right to possession, nor of demand for possession.

*Appeal from Superior Court, King County.*

*Battle & Shipley*, and *White & Munday*, for appellant.
*John Fairfield*, and *Daniel T. Cross*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—On August 23, 1890, one Taylor borrowed of Henry Binnian, respondent herein, the sum of $335, for which he gave his promissory note, and. to secure the payment of said sum executed and delivered to. respondent a chattel mortgage on a certain lot of horses.

Subsequently he mortgaged the same horses to A. J. Baker, appellant herein.   Baker sold the horses in accordance with the terms of his mortgage, and bought them in at the sale. Binnian then brought his action against Baker to recover damages alleged to have been sustained by plaintiff through the alleged taking and converting to his own use by Baker of the property above mentioned.   He did not allege the value of the horses, and did not allege demand for their possession, or that he was entitled to their possession; and he set forth the mortgage *in extenso*, under the provisions of which he was authorized to sell the property upon the violation by the mortgagor of any of the conditions of the contract, alleging the wrongful taking of the property by Baker, and that he wrongfully sold the same, to plaintiff's damage in the sum of five hundred dollars. · The answer was a general denial.

Upon the trial the appellant objected to the introduction of any testimony on the ground that the complaint did not state a cause of action.   The objection was overruled. Trial was had which resulted in a verdict for respondent for the sum of $426.   Judgment followed, and appellant appeals to this court, alleging many errors, but it will only be necessary to notice the first, viz.: That the court erred in not sustaining the objection to the admission of testimony on the ground that the complaint did not state facts sufficient.

This court held, in *Silsby v. Aldridge*, 1 Wash. 117 (23 Pac. Rep. 836), that a chattel mortgage under the statutes of this state does not convey to the holders of the mortgage any title to the property in question.   The mortgage, then, being only a security, the mortgagee has no right in the property other than his right to foreclose.   His lien has not been affected in any way by the sale of the property under the subsequent mortgage.   All the interest that passed to Baker by virtue of his purchase of the horses

was the interest that Taylor had in the horses, which was simply the equity of redemption. Taylor was entitled to the possession of the property under the terms of the mortgage, and Baker as the purchaser of Taylor's interest became entitled to this possession, and the complaint contains no allegation of either actual possession at the time of the alleged conversion, nor of right of possession, nor of demand of possession. We think the allegations of the complaint entirely insufficient to maintain the action, and that the judgment must be reversed, and the case remanded to the lower court with instructions to dismiss the action.

SCOTT, STILES and HOYT, JJ., concur.