[No. 13380. Department Two. October 20, 1916.]

## L. L. LEE et al., Appellants, v. PASCO THEATRE COMPANY et al., Respondents.[1]

JUDGMENT — RES JUDICATA — PERSONS CONCLUDED — DISMISSAL ON DISCLAIMER — CHATTEL MORTGAGES — FORECLOSURE. A judgment foreclosing a real estate and chattel mortgage upon a theater building and upon the fixtures and personal property therein, "or hereafter placed in said building," after purchase money mortgagees, under a subsequent mortgage on chairs and fixtures that had been placed in the theater subsequent to the execution of the first mortgage, had been made parties, had disclaimed any interest in the property covered by the first mortgage, and had been dismissed from the action upon such disclaimer, is res judicata and a bar to a second action by them to foreclose such subsequent mortgage, the subsequent mortgagees having moved to modify the former judgment on the ground that the copy of the first mortgage served on them failed to contain the words "or hereafter placed in said building," and having failed to prosecute an appeal from the judgment or from the refusal to modify the same; since the same property was claimed by the parties to the former action and the title determined therein.

CHATTEL MORTGAGES — FORECLOSURE — DEFICIENCY JUDGMENT — PERSONS LIABLE. A deficiency judgment cannot be entered against individual defendants who had not signed a chattel mortgage, but had misrepresented the financial ability of the mortgagor, where the foreclosure failed because barred by a judgment in a former action involving the same property when the mortgagor disclaimed interest in the property.

Appeal from a judgment of the superior court for Franklin county, Mills, J., entered October 23, 1915, denying relief against certain defendants, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

[1]Reported in 160 Pac. 435.

*Chas. W. Johnson*, for appellants.

*Gerard Ryzek*, for respondents Cord *et al.*

*Driscoll & Leonard*, for respondent John Ryzek.

MAIN, J.—The purpose of this action was to foreclose a chattel mortgage as against the defendant Pasco Theatre Company, a corporation, and for a deficiency judgment against the other defendants. The trial resulted in a judgment against the trustee in bankruptcy appointed by the Federal district court for the Pasco Theatre Company, for the amount demanded in the complaint. As against the other defendants, relief was denied. From this judgment, the plaintiffs prosecute the appeal.

The controlling facts are these: Sometime during the early part of the year 1914, the Pasco Theatre Company was organized for the purpose of taking over, completing and operating an incomplete theatre in Pasco, Washington, known as the Cord Theatre Company property. After assuming control of the property, the Pasco Theatre Company purchased from the appellants certain chairs, draperies, carpets and other articles of personal property for the purpose of furnishing and equipping the theatre. In payment for these articles, two notes were given, one for $555.86, which represented the price of the chairs, and the other for $504.75, which represented the purchase price of the other articles. For the purpose of securing the payment of the $555.86 note, a chattel mortgage was given upon all the property which had been sold by the appellants to the theatre company. This included the chairs, draperies and carpets. The note and mortgage were executed by the corporation and not by the other defendants as individuals. Throughout the briefs, frequent reference is made to the note not secured by the mortgage, but as that note is not involved in this action, no further reference will here be made to it.

On January 25, 1915, the present action was instituted. Prior to the time this action was begun, an action in the

same court entitled Barr v. Ryzek *et al.*, was pending. In that action the plaintiff had furnished material and performed labor upon the theatre building and was seeking to foreclose a lien. There were a number of other lien claimants in the action, either as defendants or as interveners. John Ryzek and wife, who claimed to be the owners of the theatre property, were parties defendant, and J. A. Ryzek, a mortgagee, was also a party defendant. John Ryzek and wife appeared in the action by answer and cross-complaint. In their cross-complaint, they claimed title to the building and the lot upon which it was located, and also claimed the fixtures and equipment in the building, including the curtains, floor coverings and draperies. By this cross-complaint, the appellants here, Lee and Perry, were made parties and brought into the action. J. A. Ryzek appeared by answer and cross-complaint and sought the foreclosure of a mortgage held by him, which mortgage was drawn both as a real estate and a chattel mortgage. The chattel mortgage clause covered "all personal property, chairs, fixtures, furniture and equipment in the theatre building on said premises or hereafter placed in said building." This mortgage was executed on the 18th day of August, 1914. The chattel mortgage, foreclosure of which is sought in this action, was executed on the 14th day of October, 1914. The property covered by the chattel mortgage had been placed in the building prior to its execution, and subsequent to the execution of the J. A. Ryzek mortgage.

Lee and Perry, on March 29, 1915, filed an answer to the cross-complaints of John Ryzek and wife and J. A. Ryzek. The first paragraph of this answer recites, "That at no time did the said Lee and Perry have or claim any interest in or to the property involved in the above entitled cause, and do not now claim any interest or title in or to said property." The answer concluded with a demand that the answering defendants be dismissed from the action. Thereafter, J. A. Ryzek moved for judgment on the pleadings against Lee and

Perry. The motion was based upon the disclaimer contained in the answer. On April 13, 1915, an order was entered by which the motion was granted, and it was adjudged that the lien of J. A. Ryzek "is prior and superior to any claims of L. L. Lee and F. L. Perry, and that the defendants L. L. Lee and F. L. Perry had no interest or title in or to any of that property mentioned in the cross-complaint of J. A. Ryzek."

Thereafter, the Barr action proceeded to trial and judgment without Lee and Perry, and on July 21, 1915, a judgment was entered therein. In this judgment John Ryzek and wife were given the real estate, consisting of the building and the lot upon which it was erected, "together with the appurtenances and equipment thereunto belonging, including the draperies and all fixtures permanently affixed and attached to the building located on said premises excepting, however, the Sea Grass chairs and carpets now located in said building." J. A. Ryzek was given a judgment for $3,000 and interest against the Pasco Theatre Company and the trustee in bankruptcy of that company, and the judgment recites "is also hereby awarded a judgment of foreclosure of the chattel mortgage of said J. A. Ryzek upon the Sea Grass chairs, being of the approximate number of ninety, and upon the carpets." The judgment contained a direction that this property should be sold in the manner provided by law, and the proceeds thereof should be applied on the chattel mortgage and the notes secured thereby.

On September 23, 1915, Lee and Perry appeared in the Barr action by motion to modify the judgment so as to foreclose the J. A. Ryzek mortgage only against the real property and personal property owned by the Pasco Theatre Company at the time of the execution of that mortgage. This motion was based on the claim that the copy of the mortgage served upon Lee and Perry as a part of the cross-complaint of J. A. Ryzek did not contain the clause "or hereafter placed in said building." On the 9th day of November, 1915, an

order was entered denying the motion to modify the judgment. So far as this record shows, no appeal was ever prosecuted from the judgment in the Barr action, or from the order denying the modification.

The controlling question upon this appeal is whether Lee and Perry, in view of the record in the Barr case, can now maintain an action to foreclose their mortgage. To this question it would seem there could be but one answer. The property now sought to be foreclosed upon, including the chairs, floor coverings and draperies, were involved in the Barr action. By the judgment in that action the draperies and other fixtures attached to the building were awarded to John Ryzek and wife, the owners of the real estate. J. A. Ryzek was given a judgment of foreclosure upon the chairs and floor coverings. To that action the appellants had been made parties and disclaimed any interest in the property there involved, and were dismissed out of the action. From the judgment, no appeal was prosecuted. That judgment became final and conclusive upon the parties. Whether the rights of Lee and Perry under their mortgage are superior to those of John Ryzek and wife or to J. A. Ryzek, cannot now be inquired into. If the copy of the mortgage served upon the appellants was incorrect, or even if that mortgage was void as against the appellants, that question cannot now be reviewed. Lee and Perry were properly made parties in the Barr action. The same property which is involved in this action was claimed by parties to that action, and their claims were confirmed by the judgment of the court, from which no appeal was prosecuted.

As to the deficiency judgment, it need only be said that, since the foreclosure failed, the evidence would not authorize a deficiency judgment against the other defendants. Whether there could have been such judgment if there had been a foreclosure and sale and a deficiency resulted, need not here be determined. The deficiency judgment was sought because it

was claimed that the individual defendants had misrepresented the financial ability of the corporation.

The judgment is affirmed.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.