[No. 14583.   Department One.   September 30, 1918.]

L. L. LEE et al., Appellants, v. GERARD RYZEK et al.,
Respondents.[1]

JUDGMENT—BAR—PLEADING—NEWLY DISCOVERED FRAUD.   An ac-
tion to modify or vacate former judgments between the same parties
on the ground of newly discovered fraud is barred by the former
decrees where the complaint contains no allegation of any new
fraudulent matter occurring since, or different from, that alleged
in the former causes.

TROVER AND CONVERSION—COMPLAINT—TITLE OF PLAINTIFF.   A com-
plaint alleging that, after plaintiff's sale and delivery of chattels
to a third party, the defendants converted them to their own use,
does not state a cause of action for conversion, since the plaintiff
had no title or right of possession.

APPEAL—HARMLESS ERROR—PLEADING.   While not commendable
pleading to refer to records and make them part of a complaint, it
is not prejudicial where they only make plain and do not alter the
effect of the pleading.

Appeal from a judgment of the superior court for
Franklin county, Truax, J., entered June 21, 1917, upon
sustaining demurrers to the complaint, dismissing an
action to modify a judgment.   Affirmed.

*Charles W. Johnson,* for appellants.
*Gerard Ryzek,* for respondents.

MITCHELL, J.—By an original suit, plaintiffs seek a
modification or vacation of a former judgment, so that
they may now recover judgment on a note and fore-
close a chattel mortgage; and in the event foreclosure
cannot be had, then judgment for the value of the
chattels alleged to have been converted by these de-
fendants.   The note and mortgage were given by the
Pasco Theatre Company of Pasco, Washington.   In
two former suits in the superior court of Franklin
county, this same matter has been in litigation and the

[1]Reported in 175 Pac. 297.

same parties involved, except defendant Gerard Ryzek, who is now brought in for the first time. One of the former suits, *Lee v. Pasco Theatre Co.*, was brought to this court, the decision being reported in 93 Wash. 204, 160 Pac. 435. In the present case the amended complaint sets up, and by reference incorporates into it, the former litigation, including the decision of this court just mentioned. The defendants answered separately, and in addition to general denials, each also affirmatively pleaded the proceedings in the two former suits, including the decision of this court. Reply was filed to these answers. Thereupon defendants separately moved for judgment on the pleadings, and also demurred to the amended complaint. The trial court sustained the demurrers. Plaintiffs elected to stand upon their amended complaint and the cause was dismissed as to J. A. Ryzek and John Ryzek. At the same time, upon motion of plaintiffs, the cause was dismissed without prejudice as to defendant Gerard Ryzek. Plaintiffs appeal.

Appellants, in their amended complaint, contend they have discovered fraud which now entitles them to maintain this action. It is apparent, however, and the trial court held, that there is no allegation of any new fraudulent matter, so far as J. A. Ryzek and John Ryzek are concerned, occurring since, or different from, that alleged in the former causes, the judgments in which now preclude appellants as to respondents John Ryzek and J. A. Ryzek. We are relieved of the tediousness of analyzing and paralleling the present amended complaint with the issues in the two former suits and the decision of this court referred to in the amended complaint, because in that decision will be found a full statement and determination of the controversy. We are of the opinion that plaintiffs, as shown by their amended complaint, are precluded and

barred by former judgments from any recovery on the note and chattel mortgage.

As to the complaint in conversion, after alleging sale and delivery of the chattels by appellants to the Pasco Theatre Company, it is then alleged:

"That the defendants herein immediately took and converted said described property to their own use subject to the plaintiffs' lien and have at all times used and enjoyed the same without making any payment therefor to these plaintiffs or to any other party whatsoever."

Thus it appears that appellants did not have title, general or special, possession or right of possession of the chattels at the time of the commencement of the suit, and hence are not in a position to maintain an action in conversion. *Binnian v. Baker,* 6 Wash. 50, 32 Pac. 1008. Again, this very matter of the rights of John Ryzek and J. A. Ryzek to this personal property has been disposed of adversely to appellants heretofore, as shown by the decision of this court already mentioned.

As supplemental to the transcript in this case, respondents have furnished copies of the pleadings, orders and judgments in the two former cases between these parties and of the decision of this court. Appellants move to strike these from the record, claiming they are not properly a part of it. In the amended complaint, as already seen, they specifically refer to both of the other causes and the results therein, and also the decision of this court, and state that by such reference they make the same a part of their amended complaint. We do not commend this manner of pleading, but appellants are not in a position to object to the certified copies sought to be stricken. They only make plain, and in no sense alter the effect of, the amended complaint; and the same may be said of the

decision of this court referred to.   The motion to strike is denied.

Judgment affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.