## In re McLEAN.

(District Court, W. D. Washington, N. D.   December 15, 1920.)

No. 6423.

1. **Chattel mortgages &#x21DD;190(2)—Of mortgaged stock of goods must require accounting and application of sales.**

   Under Laws Wash. 1915, p. 277, a chattel mortgage of a stock of goods is void as to creditors, where there is no provision for an accounting and application of the proceeds of the sale of those goods by the mortgagor to the satisfaction of the mortgage.

2. **Chattel mortgages &#x21DD;201(2)—Evidence held to show failure to "account," as required by chattel mortgage.**

   Testimony that the mortgagor of the stock of goods made the monthly payments to the mortgagee as required, and talked over his business in a general way, but made no statement in writing with relation to the sales of the mortgaged stock, shows a breach of the provision of the mortgage that the mortgagor should account to the mortgagee for sales of stock and apply the proceeds thereof to satisfaction of the mortgage, since "account," which has no inflexible technical meaning, is defined generally as a written or printed statement of business dealings of debts and credits (citing Words and Phrases, Account).

3. **Chattel mortgages &#x21DD;190(1)—Mortgagee not requiring accounting liable to general creditors for sales of stock on credit.**

   A mortgagee, who did not require the accounting by the mortgagor of the sales of the mortgaged stock, which was necessary to make the mortgage valid against general creditors, can be charged in bankruptcy proceedings against the mortgagor with the amount of the sales of the stock on credit, but is entitled to the lien of his mortgage for the balance of the debt, where there was no showing of any other misapplication of proceeds.

In Bankruptcy.   In the matter of the estate of Allen McLean, bankrupt.   On petition for review of an order of the referee sustaining a chattel mortgage, but charging the mortgagee with credit sales made by the mortgagor thereunder.   Decision of referee affirmed.

George A. Joiner, of Anacortes, Wash., and J. L. Corrigan, of Seattle, Wash., for Citizens' Bank of Anacortes.

Nelson R. Anderson, of Seattle, Wash., for trustee.

NETERER, District Judge.   The bankrupt, in July, 1919, borrowed from the Citizens' Bank of Anacortes the sum of $4,000 cash, the payment of which was secured by chattel mortgage upon a stock of groceries and fixtures of the mortgagor.   The mortgage contained the following provisions:

"And if all the conditions of this mortgage are fulfilled, said mortgagor is to remain in peaceful possession of said property, with the privilege of selling such portion of said property as is kept in his store and stock for the

&#x21DD;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

purpose of sale at retail, but, however, to account to the mortgagee for the proceeds of such sale at the end of each week and to apply the proceeds thereof upon this said mortgage, less costs, if any, in making such sales, and such sum or sums as may be necessary to expend to replenish said stock; said mortgagor agrees to keep said property in as good condition as it is now, at his own cost and expense, and that this mortgage shall cover any and all new stock which said mortgagor shall purchase and place in said stock and store, the same as though said property now constituted a part of said stock, and particularly described in this mortgage."

The mortgagor remained in possession and sold the merchandise in the usual course of business. On August 7, 1920, the bank foreclosed its mortgage by taking possession as the law provides. Petition in bankruptcy was thereafter filed, and inventory showed stock, $1,800; fixtures, $1,000; accounts receivable, $1,608.52; unsecured debts, $5,-545.65; mortgage debt, $2,900; attorney's fees provided in mortgage as claimed, $150. The bank filed its claim as preferred for $4,000, less $1,100 paid, and asked for an allowance of $150 attorney's fees provided in the mortgage.

Objections were filed to the allowance on the ground that there was no accounting as provided; that the proceeds of sale were not applied to the payment of the mortgage; that through the negligence of the mortgagor the mortgagee dissipated the said stock, which was a fraud upon the rights of creditors; and that if the mortgage is held valid the credits for goods sold should be credited upon the mortgage and the mortgage canceled to that extent. All of the objections were overruled, except that the referee charged against the claim $1,608.52, the outstanding credits. The mortgagee paid to the mortgagor $100 per month as stipulated in the mortgage, and the testimony shows that the mortgagor frequently discussed the business in a general way. No statement in writing with relation to the business or an account of the sales and expenditures was made, at least for many months immediately prior to its closing; that many goods were sold on credit; that the community is one in which many workingmen live and are paid periodically, and credit is necessary to the maintenance of a successful business.

The trustee claims that the mortgage is void, and ought not to be sustained, because of fraudulent conduct and collusion between the mortgagor and the mortgagee, in not protecting the general creditors by requiring the accounting which the mortgage provides, while the mortgagor claims that he acted in good faith, and that he did receive statements in accordance with the true tenor of the stipulations in the mortgage. There were no debts at the time the mortgage was taken, and the sum of $4,000 was actually advanced. The matter comes before the court for review.

[1] Under the Washington statute (Laws 1915, p. 277) a chattel mortgage is void as to creditors where there is no provision for an accounting and application of the proceeds to the satisfaction of the mortgage; Keyes v. Sabin, 101 Wash. 618, 172 Pac. 835; Miller v. Scarbrough, 108 Wash. 646, 185 Pac. 625. We must conclude at the outset that at its inception the mortgage was valid, because it was for a present loan and had the provision for accounting. The mortgage

was recorded as the law provides, and the mortgagee did pay to the bank the amount periodically that was stipulated. If, therefore, the mortgage is void, it must be because of the subsequent conduct of the parties. I do not think that the record discloses that either of the parties acted in bad faith, which would impute fraud, and, since the transaction was entered into in good faith, it can only be condemned when it is not carried out in good faith, and the condemnation should extend to the damage which was entailed by reason of the commission or omission to do what the law and the circumstances require. Frank-houser v. Ellett, 22 Kan. 127, 31 Am. Rep. 171. And, as was stated by Justice Hunt, Associate Justice of the Supreme Court of Montana, now one of the United States Circuit Court of Appeals of this Circuit, in Noyes v. Ross, 23 Mont. 425, 59 Pac. 367, 47 L. R. A. 400, 75 Am. St. Rep. 543:

"The quality of the transaction, as fraudulent or otherwise, is determined from its effect, possible or probable, upon the interests of other creditors."

[2] Through these standards we must ascertain the duty that devolved upon the parties. The stipulation in the mortgage was:

"To account to the mortgagee for the proceeds of such sales at the end ot each week."

An account is:

"A sum stated on paper, a registry of a debt or credit, an entry in a book of things bought or sold, of payments, services, etc." Theobald v. Stinson, 38 Me. 149, 152.

An account—

"is a formal statement in detail of the transactions between two parties, made contemporaneously with the transactions themselves." Richardson v. Wingate (Ohio) 10 West. Law J. 145, 146; 1 Words and Phrases, 87.

The word "account" has no inflexible technical meaning, being defined by Webster to mean:

"A registry of pecuniary transactions, a written or printed statement or business dealings of debts and credits, and also of other things subjected to a reckoning or review." Preston Nat. Bank v. Emerson, 102 Mich. 462; 1 Words and Phrases, 89.

Standard Dictionary—Account:

"A record or statement of debits and credits, of receipts and expenditures. (2) A business relation involving a record of debits and credits."

[3] It is clear from the testimony that default was made in this provision of the mortgage, in that there was no "accounting." There is no evidence that any of the funds were misapplied, except on the credit extended. Under the law, the mortgagee is held responsible to the creditors for the credits which were extended, and it must be held in the interest of fair dealing and protection, and discouragement of fraud, as against general creditors, for all sales made upon credit. Warren v. His Creditors, 3 Wash. 48, 28 Pac. 257.

The referee is right, and his decision is affirmed.