[No. 21341. Department Two. January 30, 1929.]

SPOKANE SECURITY FINANCE COMPANY, *Appellant*, v. CROWLEY LUMBER COMPANY, *Respondent*.[1]

*R. L. Campbell* and *Robert R. Pence*, for appellant.
*Luby & Pearson* and *McWilliams & Weller*, for respondent.

MAIN, J.—The plaintiff brought this action for the conversion of certain lumber which it claimed to be

[1]Reported in 274 Pac. 102.

entitled to the possession of because it held a chattel mortgage thereon. The cause was tried to the court, without a jury, and resulted in findings of fact from which it was concluded that there could be no recovery. Judgment was entered dismissing the action, from which the plaintiff appeals.

The facts essential to present the questions to be determined upon this appeal may be summarized as follows: One C. C. Gager, under the name of the Gager Lumber Company, operated a sawmill near Springdale in Stevens county. June 25, 1925, he borrowed from the assignor of the appellant $350, and gave his note therefor. The note was secured by a chattel mortgage upon thirty thousand feet of shop lumber which was specifically described. The mortgage was duly filed in the office of the county auditor. The note and mortgage were transferred by the payee to the appellant.

Some time after the execution of the note and mortgage, Gager became involved financially and turned over his assets to the respondent, the Crowley Lumber Company, including the lumber covered by the chattel mortgage which the appellant held. The appellant thereupon made demand upon the respondent for the payment of the mortgage and, upon such demand being refused, brought an action against Gager and the Crowley Lumber Company, the respondent herein. That action was tried on an amended complaint which alleged that the Crowley Lumber Company, when it took transfer of the lumber from Gager, agreed to pay the chattel mortgage. The trial of that action to the court, without a jury, resulted in a finding that the Crowley Lumber Company did not assume and agree to pay the mortgage, and judgment was entered dismissing the action, from which no appeal was prosecuted.

Appellant thereupon brought the present action against the Crowley Lumber Company, alleging conversion by it of the lumber covered by the chattel mortgage. To this action the Crowley Lumber Company answered, setting up as one of its defenses the former action and pleading the judgment thereof as *res judicata*. The chattel mortgage contained a provision that, in case of default in the payment of the note secured thereby, or if the mortgagor should dispose of the property without the written consent of the mortgagee, then the latter should have the right to take immediate possession of the property.

The present action, as above stated, was one for conversion. The first question is whether in the prior action the appellant had elected one of two inconsistent remedies, which would prevent the maintenance of the second action. If, in fact or in law, but one remedy originally existed, then the appellant did not make an election by mistakenly pursuing the first action based upon the theory of a contract. In 9 R. C. L., p. 962, it is said:

"The principles governing election of remedies are necessarily based upon the supposition that two or more remedies exist. If in fact or in law only one remedy exists, there can be no election by the pursuit of another and mistaken remedy. It is a well-established rule that the choice of a fancied remedy that never existed and the futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed them to be, or the law applicable to the facts is found to be other than supposed, though the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the proper remedy."

In *Roy v. Vaughan*, 100 Wash. 345, 170 Pac. 1019, it is said:

"Before there can be an election of remedies, there must be two or more inconsistent remedies available

to a party, any one of which he is at liberty to pursue. That respondents erroneously believed themselves entitled to the first remedy sought does not prevent them, upon learning that their provable facts were insufficient to maintain that remedy, from seeking another remedy their facts would sustain. A mistake in remedy can never be considered as an election of remedies.''

In *Babcock, Cornish Co. v. Urquhart,* 53 Wash. 168, 101 Pac. 713, it was said:

"It seems well settled that the doctrine of election of remedies has no application when the remedy chosen is not available, and we think a remedy is not available when there is a good defense to it. Whether or not the defense is invoked or waived does not change the election."

In the present case the appellant in its first action pursued a remedy which, by reason of its mistake of fact, it had no right to. No remedy of that kind was available to it. There was not therefore the choice of one of two inconsistent remedies. In each of the cases of *Stewart & Holmes Drug Co. v. Reed,* 74 Wash. 401, 133 Pac. 577, and *Eilers Music House v. Douglass,* 90 Wash. 683, 156 Pac. 937, there were two inconsistent remedies and therein lies the distinction between those cases and the one now before us.

The second question is whether the prior action was *res judicata* as to the present action. To determine whether a former action is a bar to a subsequent action, it is necessary to inquire whether the same evidence would have sustained both of such actions. If the same evidence would support both of the actions, then the one is *res judicata* as to the other. If the same evidence would not support both actions, then the one is not *res judicata* as to the other. *Buddress v. Schafer,* 12 Wash. 310, 41 Pac. 43; *Mallory v. Olympia,* 83 Wash. 499, 145 Pac. 627. It is at once apparent

that evidence which would support an action upon a contract would not be the same as the evidence necessary to support an action in conversion. The prior action was not *res judicata* as to the present one.

The third question is whether the appellant had a right to maintain the action of conversion. As above pointed out, the chattel mortgage gave to the mortgagee, and therefore to its assignee, the appellant, the right to possession of the property in the event of default or disposal of the same without written consent of the mortgagee.

It appears to be the settled rule that a mortgagee of chattels with a present right of possession may maintain an action of trover against a wrongdoer for the conversion of mortgaged property. 26 R. C. L., p. 1136; 38 Cyc., p. 2053; *Bridges v. Union Cattle Loan Co.*, 104 Okl. 74, 229 Pac. 805; *Eade v. First Nat. Bank*, 117 Ore. 47, 242 Pac. 833.

In *Bancroft-Whitney Co. v. Gowan*, 24 Wash. 66, 63 Pac. 1111, it was held that where a chattel mortgage gave the mortgagee the right, in the case of default in payment, to take possession of the goods and retain them, such right of possession could be enforced by an action of claim and delivery. There does not appear to be any good reason why the same rule should not be applied in the case of conversion. The cases of *Binnian v. Baker*, 6 Wash. 50, 32 Pac. 1008, and *Lee v. Ryzek*, 103 Wash. 622, 175 Pac. 297, are different in that in neither of those cases did the plaintiff have the right of possession. The appellant, as assignee of the mortgagee, having the right of possession by virtue of the mortgage, had the right to maintain the present action.

Finally, it is contended that the appellant does not have the right to maintain the present action, because in the original complaint in the prior action,

recovery was sought on the theory of conversion. That complaint, however, was amended and the theory of contract adopted, upon which the case went to trial with the result above stated. The fact that the appellant, in the first instance in the prior action, adopted a correct theory and then abandoned that and adopted a mistaken remedy, is no reason why it should not now pursue the only remedy which was available to it. This was not the splitting of a cause of action. The action upon the theory of contract was entirely distinct from the action upon the theory of conversion. In the case of *McPherson Bros. v. Okanogan County,* 61 Wash. 239, 112 Pac. 267, the plaintiff, after being defeated in one action, brought a second action upon the same ground, with the allegation of additional facts. That is not a case where the basis of the second action was entirely separate and distinct from that of the first.

The judgment will be reversed and the cause remanded.

PARKER, FRENCH, and FULLERTON, JJ., concur.