[No. 21777. Department One. July 10, 1929.]

NORTH PACIFIC BANK, *Appellant*, v. PACIFIC MERCANTILE
AGENCY, COLLECTORS, INCORPORATED, *et al.*,
*Respondents.*[1]

*Thos. L. O'Leary,* for appellant.
*Roscoe R. Fullerton,* for respondents.

TOLMAN, J.—Appellant, as plaintiff, brought this
action to recover for the alleged conversion of an auto-
mobile upon which it claimed to have a chattel mort-
gage lien. The case was tried to the court, sitting
without a jury, resulting in a judgment denying the
relief sought, from which judgment the plaintiff has
appealed.

[1]Reported in 279 Pac. 103.

The facts of this case have not, at any time, been very seriously disputed, and neither side now questions the findings of the trial court. The situation which gives rise to the questions to be decided may be briefly outlined as follows:

One, Frank Errigo, a minor and a resident of Thurston county, on June 1, 1927, in Tacoma, Pierce county, purchased the automobile in question from a dealer resident there. A down payment was made, and a note for $884.20 was given, signed by the purchaser and by his father. The note, on its face, showed the address of the purchaser to be Olympia, Washington. To secure the payment of this note, according to its terms, a chattel mortgage on the purchased automobile was duly executed by the makers of the note. The purchaser at once returned with the automobile to Thurston county, and the car was there used and kept until the purchaser parted with possession as hereinafter explained.

On the day the note and mortgage were executed, the dealer and payee and mortgagee, for a valuable consideration, sold, assigned and delivered the note and mortgage to appellant, who, evidently by mistake, immediately filed the chattel mortgage for record in Pierce county, and never at any time filed it for record in Thurston county. The purchaser, for some months, made payments on the note, to some extent at least, forwarding them by mail from Olympia.

About the middle of December, 1927, the purchaser took the car to the respondent Goodpasture for repairs. Knowing the young man and his financial condition, Goodpasture seems to have doubted his ability to pay, and to have learned that the car was so encumbered as to be unsatisfactory security for the repair bill, which it was then estimated would be in the neighborhood of $100.

On inquiry, Goodpasture learned from Errigo, the purchaser, that the car was not fully paid for, and had such information as fully justified the trial court in its findings to the effect that all of the respondents had notice and knowledge and were put upon inquiry as to appellant's chattel mortgage.

Goodpasture apparently declined to proceed with the repairs until Errigo paid $50 on account. This was done, and it was agreed that Goodpasture should retain possession of the car until his repair bill was paid in full. The repairs were completed at a cost of $115. The balance of $65 owing on that account not being paid on notice, Goodpasture stored the car, and shortly afterwards assigned his claim to the respondent Pacific Mercantile Agency, Collectors, Inc., which brought suit against the Errigos in justice court, obtained judgment by default for $65 and costs and proceeded to sell the car on execution. Those proceedings are very seriously questioned here, but the view we take of the main question renders it unnecessary to discuss them.

A preliminary question was raised by demurrer to the complaint and by objection to the introduction of evidence, based upon the failure of appellant's complaint to allege possession or right of possession in it. This contention is founded upon the case of *Binnian v. Baker,* 6 Wash. 50, 32 Pac. 1008, but we do not think that case is authority here. There, the property was seized under a second mortgage, and of course such seizure in no way prevented the holder of the first mortgage from pursuing the usual remedies.

This case, we think, is governed by the rule laid down in *Spokane Security Finance Co. v. Crowley Lumber Co.,* 150 Wash. 559, 274 Pac. 102. The provisions of the mortgage here are the same as those disclosed in that case, and as the question was there

carefully considered by the court sitting *En Banc,* we find no reason to depart from that holding.

The real question here is whether, under the facts found, the judgment below is erroneous because the court applied Rem. Comp. Stat., § 3788, which has reference to mortgaged property removed from one county to another, instead of § 3780, which provides that a chattel mortgage shall be void only as against subsequent purchasers and encumbrancers *in good faith,* unless filed within ten days in the county where the property is situated.

The *good faith* provision of that statute is the controlling feature in all cases where it applies. *Asbury v. Miller,* 132 Wash. 235, 232 Pac. 360, and cases there cited. Upon the other hand, the removal statute contains no good faith provision, and in *Muller v. Bardshar,* 119 Wash. 252, 205 Pac. 845, we held that the lien was absolutely lost, except as between the original parties, unless the terms of the statute were complied with.

We are quite clear that this was not a case for the application of the removal statute. The purchaser, although he received possession in Pierce county, was then a resident of Thurston county and known to be such. It was intended that he should, and he did, immediately remove the property to the county of his residence, and therefore the mortgage should have been filed in that county. That the holder, through manifest mistake, filed the mortgage in Pierce county, affects the question not at all. The result would have been the same if it had not filed the mortgage anywhere, or at all.

In fact and in law, appellant was the holder of an unrecorded mortgage, and had the respondents dealt with the property in good faith and without notice or knowledge, appellant would have been remediless

against them, but, having seized the car with knowledge of appellant's mortgage, they are liable for its value.

The judgment is reversed with directions to enter judgment on the findings in favor of appellant for the value of the mortgaged automobile, which was found to be $695, and costs.

Judgment reversed.

HOLCOMB, BEALS, MILLARD, and FRENCH, JJ., concur.