[Decided January 21, 1887.]

3w 61
15 644

## E. C. MEACHAM. ARMS COMPANY *v.* STRONG, HACKETT, & CO.

1. ATTACHMENT — PRIORITY — TIME OF LEVY. — Where one creditor places a writ of attachment in the hands of the sheriff for levy, and another creditor places a writ subsequently in the hands of the sheriff's deputy, who takes actual possession of the debtor's personal property before the sheriff levies under the writ of attachment placed in his hands, the attachment levied by the deputy sheriff has priority.

2. SAME — POSSESSION BY SHERIFF — EFFECT OF LEVY. — Where the holder of a chattel mortgage requests the sheriff to take possession of the mortgaged goods, which are surrendered to him by the mortgagor, and he posts notices of sale under the mortgage, but no notice is given as provided for in section 1993 of the Code, his possession is not such a possession as will prevent a levy of the same goods being made on a writ of attachment by a deputy sheriff, nor does such possession avoid the necessity of the actual levy by the sheriff of a writ of attachment placed in his own hands.

3. SHERIFF — DEPUTY — ATTACHMENT LIEN. — While ordinarily the sheriff and his deputy are one person in law, yet in cases where each holds a separate and different writ of attachment against the same debtor, this rule does not prevail so as to impair the lien of the attachment creditor, acquired by an actual levy of personal property by the deputy, made prior to the sheriff's levy, upon the same property under his writ.

ERROR to the District Court holding terms at Spokane Falls. Fourth District.

This is a "submitted" case, brought under chapter 26 of the Code; the statement of facts agreed upon by the parties, as well as all other material facts, appear in the opinion of the court.

*Mr. George M. Forster*, for the Plaintiff in Error.

Personal property, capable of manual delivery, shall be attached by taking into custody. (Code, sec. 179.) The attachment becomes a lien only from the time it is actually levied, and the judgment relates back to the levy of the attachment. (Wade on Attachment, secs. 26, 32.) The attachment first levied is entitled to priority over one subsequently levied, even though the later was first issued and first placed in the hands of a sheriff. (Wade on Attachment, sec. 216–219, and notes; *Knox* v. *Webster*, 18 Wis. 406; *Albrecht* v. *Long*, 27 Minn. 81; *Liebman* v. *Ashbaker*, 36 Ohio St. 98; *Taffs* v. *Manlove*, 14 Cal. 47; *Harding* v. *Lee*, 51 Mo. 240; Drake on Attachment, secs. 230, 261, 263; *Johnson* v. *Griffith*, 2 Cranch C. C. 199.)

*Messrs. Binkley & Taylor*, for the Defendant in Error.

The acts of the sheriff, as shown by the agreed statement of facts, were sufficient to constitute a valid levy under the attachment writ. (*Denney* v. *Warren*, 16 Mass. 420; Freeman on Executions, sec. 262; *Stetson* v. *Gibbs*, 46 Mich. 215.) A taking of personal property by the sheriff under foreclosure proceedings provided by chapter 141 of Code places the property *in custodia legis*, and is the same as property taken under attachment writ. (*Hoffman* v. *Wetherall*, 42 Iowa, 89.) Possession by a keeper is possession by the sheriff, and if the keeper abandon possession to allow another officer to levy, his act cannot prejudice the prior levy. (*Leach* v. *Pine*, 41 Ill. 66; *Odiorne* v. *Colley*, 9 Am. Dec. 39.) Property in the possession of an officer under lawful process cannot be attached by any other officer. (Drake on Attachment,

sec. 356; *Venton* v. *Bradfield*, 13 Mass. 113; *Locke* v. *Butler*, 19 Ohio St. 587; *Perry* v. *Sharpe*, 8 Fed. Rep. 15.) When property is already in possession of an officer under process, no overt act is necessary to make a levy, the delivery of the writ to and return thereof by the officer in possession is sufficient to create a lien. (Drake on Attachment, secs. 269, 355, 356; *O'Conner* v. *Blake,* 29 Cal. 313; *Turner* v. *Austin*, 16 Mass. 180; *Rogers* v. *Fairfield*, 36 Vt. 641.) The sheriff should levy writs of attachment in the order in which they come into his office. (*Kennon* v. *Ficklin*, 44 Am. Dec. 776.)

Mr. Justice Hoyt delivered the opinion of the court.

This action is brought to determine the priority of certain liens upon personal property created by the levy of writs of attachment thereon by the plaintiffs and defendants respectively. The parties agreed to a statement of facts as follows:—

"Strong, Hackett, & Co. and E. C. Meacham Arms Company each procured writs of attachment against Emanuel L. Swartz, on the same day and in order named. The first was placed in the hands of E. F. Whittier, sheriff of Spokane County, on the twelfth day of January, 1885, at 7:30, A. M., and that of E. C. Meacham Arms Company was placed in the hands of Mason, a deputy sheriff, within two hours thereafter. The E. C. Meacham Arms Company, through their attorney, George M. Forster, instructed the deputy sheriff to levy their attachment upon certain personal property in Spokane Falls, which was done at 12 o'clock, M., of the same day, and in fifteen minutes thereafter, and while the deputy sheriff was in possession, the sheriff levied the attachment of Strong, Hackett, & Co. Prior to either of these attachments, and within ten days, Mrs. E. L. Swartz, as mortgagee, had requested the sheriff to take possession of the same stock of goods under and by virtue of a chattel mortgage, and to sell the same. She did not

deliver into his possession the mortgage, but he posted notices of sale under the mortgage, under the provisions of chapter 141 of the Code, and at the written request of Mr. and Mrs. Swartz (the mortgagor and mortgagee) he put the property in the possession of one Sulzbach, who had been clerking for Swartz. Sulzbach remained in the store, and the goods were sold at retail, and the business continued as before up to the time of the levy of the attachment of the E. C. Meacham Arms Company. Sulzbach has not at any time accounted to the sheriff for the sale of goods. When the deputy attached under E. C. Meacham Arms Company attachment, Sulzbach gave up the keys and left the store. There was no change of sign or other indication of change of possession from Swartz to the sheriff or to Sulzbach at the time Sulzbach was put there by the sheriff, or at any time. The clerks in the store did not know it; upon which the cause was heard by the court below, and a judgment rendered in favor of the defendants, which is now here for review."

By such statement of facts, it fully appears that the writ of attachment of the appellant was actually levied upon the property before that of appellee, but it is contended on the part of the appellee that notwithstanding this fact his lien is prior for two reasons: 1. Because the sheriff and his deputy are one in law, and that therefore the writs were in contemplation of law both in the hands of the sheriff, and that therefore the one first in his hands was entitled to priority; 2. Because it appears, from the facts agreed upon, that at the time the writs were issued the property was in the custody of the sheriff; and that for that reason the lien of the writ in the hands of the sheriff attached the instant he received it, without being postponed until actual levy was made thereunder.

Are either of these claims warranted by the facts and law of this case? The sheriff and his deputy are un-

doubtedly but one person in law as to many questions, and for many purposes connected with their relations to each other; but to hold that they are identical for the purposes above stated would produce great uncertainty as to the situation of the property of a debtor, and would compel a creditor who sought to procure a lien thereon by means of process in the hands of a deputy sheriff to do so at the risk of having his lien destroyed, and all his expense and trouble lost by reason of process in the hands of the sheriff perhaps fifty miles away, even although such sheriff had no knowledge of the existence of such property, and would never have heard thereof but for the diligence of the deputy under the process in his hands.   Such a condition of things would be against public policy, and is not warranted by anything in our statute.   On the contrary, we think our statute, which provides that executions shall be liens upon personal property only after actual levy, clearly shows an intention to prevent the existence of such secret liens.   Our statute, then, does not warrant the claim of appellee, and we are satisfied, by the authorities cited by appellant, that such is not the rule in the absence of any statute on the subject.   (See *Albrecht* v. *Long*, 27 Minn. 81; *Whitney* v. *Butterfield*, 13 Cal. 335; *Russell* v. *Lawton*, 14 Wis. 219; *Patterson* v. *Stephenson*, 77 Mo. 329.)

We do not think the facts agreed upon are sufficient to sustain the second point above stated, for as we interpret them, they show that if the sheriff was ever in possession it was only as the agent of the mortgagor, and that as the goods at the time of the levies were not in his personal possession, the writ in his hands would not take effect until the actual levy thereof.   He could obtain no possession as the agent of the mortgagee, and the law providing for the foreclosure of chattel mortgages without the notice provided for in section 1993 of the Code, which is in the nature of process and authority for taking possession of the mortgaged property, but it nowhere

appears that such notice was ever in his hands.    The possession was not such as to prevent the deputy sheriff, as a distinct officer, from making the levy as he did, and his levy, being the first in point of time, must be given priority.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

GREENE, C. J., and LANGFORD, J., concurred.