[No. 8820.   Department Two.   September 24, 1910.]

WILLIAM URQUHART, *Respondent* v. A. J. Coss *et al.,*
*Appellants.*[1]

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS.   General objections to an original mortgage are not sufficient to raise the point that its execution had not been proven.

CHATTEL MORTGAGES—VALIDITY—RIGHTS OF SUBSEQUENT CREDITORS. A subsequent creditor of a mortgagor cannot assert the invalidity of a chattel mortgage for want of acknowledgment and affidavit of good faith, where he had acquired no lien until the mortgagee had obtained possession and title in discharge of the debt; and any interest of a third person could not help such a creditor.

SAME—PRIORITIES—MORTGAGEE IN POSSESSION — ATTACHMENT BY SUBSEQUENT CREDITORS.   The transfer of the possession and title of mortgaged chattels to a *bona fide* mortgagee, in satisfaction of the debt, is valid as against an attachment by a subsequent creditor, without regard to the validity of the mortgage.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered January 31, 1910, upon findings in favor of a third party, claimant to attached property, after a trial on the merits before the court without a jury. Affirmed.

*Zent & Cannon,* for appellants.

*R. S. Hamilton* and *Lovell & Davis,* for respondent.

CROW, J.—On October 22, 1909, C. H. Stever commenced an action in the superior court of Adams county against J. W. Johnson to recover debts claimed to be due, and caused an attachment to be issued therein and levied on certain personalty as the property of the defendant.   Thereafter William Urquhart, as claimant, filed an affidavit in which he alleged that he was entitled to the possession of the property, and that he was the owner thereof at the time of, and prior to, the attachment.   The trial court made findings in his favor,

[1]Reported in 110 Pac. 1001.

awarded him the property, and the sheriff, A. J. Coss, and C. H. Stever have appealed.

The trial court, in substance, found the following facts, which we conclude are sustained by the evidence: That on February 25, 1908, J. W. Johnson mortgaged to William Urquhart the personal property in controversy; that the mortgage, although signed, was not acknowledged; that no affidavit of good faith was attached thereto; that from November 5, 1908, to March 5, 1909, Johnson incurred certain unsecured personal obligations to the appellant Henry Stever and his assignors, for the recovery of which Stever instituted action and caused the writ of attachment to be issued, which, on October 25, 1909, was levied on the property in controversy; that prior to October 21, 1909, J. W. Johnson had transferred all of his rights in the property to Urquhart in satisfaction of his debt; that on October 21, 1909, Urquhart had taken possession under his mortgage and under the absolute transfer by Johnson, and that the mortgage had been filed with the auditor of Adams county on February 25, 1908, and properly indexed.

The appellants contend that the trial court erred in admitting the mortgage in evidence. It was offered by respondent to disclose the transaction between himself and Johnson, and show a valid consideration for the surrender and release of the property to respondent prior to appellant's attachment. It was the original mortgage, produced by the county auditor from his official files, and a certified copy has since been substituted in the record. Appellants' objections to its admission were interposed in the following language:

"Defendants object on the ground that the same is incompetent, irrelevant and immaterial, and for the further reason that the same is an original, if anything, and this court can not extract one of the files from the auditor's office for any purpose whatsoever, and for the further reason that the same is not properly identified and is not binding upon the defendants, and is void, absolutely void, on its face."

The principal contention at this time is that the execution

of the mortgage was not shown, nor was Johnson's signature proven. The respondent had theretofore testified without objection to the execution of such a mortgage by Johnson. Appellants' objection that the signature was not proven is made for the first time in this court. When objections are not sufficiently definite to call the attention of the trial court to the particular grounds upon which they are based, error cannot be predicated thereon. One purpose of introducing the original mortgage was to show that it had been filed in the auditor's office, it being produced by him. Had a special objection that it had not been signed by Johnson been interposed, the respondent would doubtless have submitted proof of its execution.

Appellants, citing Rem. & Bal. Code, § 3660, contend that, for want of any acknowledgment or affidavit of good faith, the mortgage was absolutely void as to the appellant Stever, he being a creditor, and that he is now entitled to hold the property under his attachment. The evidence shows that Stever became a creditor after the execution and delivery of the mortgage. This court construed Rem. & Bal. Code, § 3660 in *Roy & Co. v. Scott, Hartley & Co.*, 11 Wash. 399, 39 Pac. 679. In that case the defendant McNaught became a general creditor of Scott, Hartley & Co., the mortgagor, after the execution of the mortgage and bill of sale. He later became a judgment creditor, and levied an execution upon the property covered by the mortgage and bill of sale. The holder of the chattel mortgage and bill of sale commenced foreclosure, making McNaught a defendant. McNaught contended that the mortgage and bill of sale were void as to him, taking the position now assumed by the appellant Stever. It was shown that McNaught became a creditor after the execution of the mortgage and bill of sale, and this court said:

"Nor do we think that this objection can avail the appellant McNaught, who, as we have already seen, was not a creditor at the time when the instrument was executed and re-

corded.   The statute makes the chattel mortgage (unaccom-
panied by the affidavit) void only as 'against creditors of the
mortgagor or subsequent purchaser and incumbrancers of the
property for value and in good faith.'   The word 'subsequent'
relates not to creditors, but to purchasers and incumbrancers.
As between mortgagor and mortgagee the instrument was
valid and binding as a mortgage without the affidavit, and
McNaught, being at that time a mere stranger to the prop-
erty and having no interest in it, cannot invoke the aid of the
statute which favors a class to which he does not belong."

Under this ruling, the mortgage held by respondent was
undoubtedly valid as against the appellant Stever, who had
obtained no lien before the respondent obtained possession
and asserted title.

The mortgage was undoubtedly valid as between the re-
spondent, the mortgagee, and Johnson, the mortgagor. The
evidence shows that, on October 17, 1909, the mortgagor
agreed to surrender the property, then in the possession of
one Snowhill, to respondent Urquhart, in satisfaction of the
debt thereby secured; that he directed respondent's attorney
to take immediate possession; that Snowhill, whose interest
or claim, if any, has not been shown, refused to surrender the
property to respondent, who thereupon delivered to the sheriff
of Adams county a notice of foreclosure sale under which the
sheriff, on October 21, 1909, seized the property, delivered
it to the respondent, taking his receipt therefor, and that
the respondent has at all times since been in exclusive pos-
session.   Snowhill does not appear to have made any claim to
the property, nor has he since questioned the validity of the
mortgage, the possession, or title of respondent.   His interest,
if any, cannot be considered in this action, nor can it aid the
appellant Stever.   It is apparent that respondent secured
possession with the knowledge and consent of Johnson, and at
his instance; that Johnson transferred his title to the respond-
ent, who was in possession asserting such title before appel-
lant levied his attachment; that respondent was a *bona fide*
creditor of Johnson; that his claim was a legal and suffi-

cient consideration for the transfer of the property to him by Johnson, and that he had been a creditor long before appellant or any of his assignors acquired their claim. Without regard to the validity of the mortgage, the satisfaction of Johnson's debt and the transfer of the property by him, prior to appellant's attachment, were sufficient to sustain respondent's possession and title.

The judgment is affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and MOUNT, JJ., concur.