[No. 10274.  Department One.  June 24, 1912.]

CARLSON BROTHERS COMPANY, *Respondent*, v. WEIDAUER & LANSDOWN SHINGLE COMPANY, *Appellant*.[1]

PAYMENT—BY NOTE OF THIRD PARTY—MISTAKE.  The acceptance of a note from one company, for shingles sold to another company, under a misunderstanding of the fact that there were two companies with practically the same name, does not constitute a payment of the debt, or show that the debt was in fact the debt of the maker of the note, where the other company had ordered the shingles and the note was returned on discovery of the mistake; the legal effect of payment by note depending on the intention of the parties.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 2, 1911, upon findings in favor of the plaintiff, in an action on contract, after a trial to the court.  Affirmed.

*Merrick & Mills*, for appellant.

*Coleman, Fogarty & Anderson*, for respondent.

CHADWICK, J.—The only issue presented on this appeal is whether the sale of certain shingles was made by plaintiff to the Weidauer & Lansdown Shingle Company, or to the Weidauer & Lansdown Company, another corporation. A careful reading of the testimony convinces us that it would have been incumbent on us to follow the findings of the trial judge whichever way he decided the truth to be. We shall not, therefore, review the facts, or comment thereon, except in so far as it may be necessary to illustrate the only question of law occurring in the record.

[1]Reported in 124 Pac. 397.

The bulk of the shingles was sold on the written order of the Weidauer & Lansdown Shingle Company. The bill was not paid promptly, and plaintiff, at the solicitation of Mr. Weidauer, took a note due in thirty days for the whole amount due. This note was signed by the Weidauer & Lansdown Company. Some thirty days after the note became due, the Weidauer & Lansdown Company became bankrupt; and then, as Mr. Carlson, president of the plaintiff company, testifies, he found out for the first time that there were two companies. The note was returned to the maker, and payment of the account demanded of the shingle company. Payment was refused, and the note returned. Upon the trial, it was the contention of defendant that, notwithstanding the original order, for 250,000 of the 300,000 shingles sold by plaintiff, was given over the signature of the shingle company, in fact it was the debt of the Weidauer & Lansdown Company, as evidenced by the subsequent conduct of the parties; and that the acceptance and retention of the note signed by the Weidauer & Lansdown Company binds plaintiff to look to that company rather than to defendant.

It is our opinion, accepting the court's findings that the plaintiff dealt with the shingle company, that it never intended to take the note of a third party, the Weidauer & Lansdown Company; that its acceptance and retention of the note was under a misunderstanding of the fact that there were two companies with practically the same name. This court has frequently held that the legal effect of payment by promissory note is to be determined by reference to the true intent of the parties. *Walsh v. Cooper*, 10 Wash. 513, 39 Pac. 127; *Moon Bros. Carriage Co. v. Devenish*, 42 Wash. 415, 85 Pac. 17.

We find no error in the record, and the judgment is affirmed.

GOSE, CROW, and PARKER, JJ., concur.