[No. 15390. *En Banc.* December 3, 1919.]

J. A. MILLER, *Respondent,* v. W. M. SCARBROUGH *et al.,*
*Appellants.*[1]

CHATTEL MORTGAGES (49)—VALIDITY—STOCK IN TRADE—SALES AND
PROCEEDS—RIGHTS OF CREDITORS. A chattel mortgage upon a shifting
stock of merchandise, leaving the mortgagors to sell in the course
of trade, to be valid as against creditors, should identify the prop-
erty and must provide for application of the proceeds on the mort-
gage debt and for accounting and payments; and is void as to
creditors where the mortgagors were permitted to dispose of the
stock and apply the proceeds to their own use, without making
agreed payments on the debt.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered January 15, 1919,
upon findings in favor of the plaintiff, in an action to
reinstate a chattel mortgage and for a foreclosure,
tried to the court. Reversed.

[1]Reported in 185 Pac. 625.

*W. B. Layton* and *W. W. Keyes,* for appellants.
*E. D. Hodge,* for respondent.

MACKINTOSH, J. — The appellants Scarbrough, in March, 1918, gave to the respondent a mortgage upon their stock of drugs and fixtures. Thereafter this mortgage was cancelled, and in September, 1918, the appellants Scarbrough and Cowen, then being partners in the drug business, gave to the respondent a mortgage upon the stock and fixtures. Respondent alleges that this cancellation was induced by false representations, relying upon which he was persuaded to satisfy the first mortgage and accept the new note and mortgage. In November, 1918, the appellants Scarbrough and Cowen made a common law assignment for the benefit of their creditors to the appellant Layton. The respondent began this action seeking the reinstatement of the first note and mortgage of March, 1918, and asking for a foreclosure; the assignee, having intervened in the proceedings, alleged that the respondent's mortgage was void for the reason that it covered a shifting stock of merchandise, and contained no provision for an accounting, and that the mortgagors had been permitted to remain in possession of the stock and had been disposing of it in the usual course of trade. The trial court found that respondent was entitled to reinstate the first mortgage and allowed him foreclosure.

Appellants first advance for consideration the argument that the respondent was not entitled to have the original mortgage reinstated and foreclosed. It is not necessary to discuss or decide this phase of the question, in view of the determination which we have reached upon the main question involved, which is, Are either of these mortgages valid as a matter of law?

Neither mortgage contains any provision that the

owner of the property, who was to remain in possession and conduct the business, was to render at stated periods, or at all, any accounting of the conduct of the business; nor does the testimony disclose any oral understanding between the mortgagors and the mortgagee looking towards any such accounting. The mortgages contained an agreement that the mortgagors "are at all times until the final payment on this mortgage to keep a stock of goods on hand equal to the invoice price of said stock now in building," and the further provision that the debt of $5,300, for which the note and mortgage were given, was to be reduced at the rate of $100 per month. The stock, at the time of the giving of the mortgage in March, 1918, seems to have been of the value of $6,500.

Where a chattel mortgage is given upon a shifting stock of merchandise, the mortgage should identify the chattels with such particularity that they can be determined without difficulty and *uncertainty*. Under the decisions of this court, where the mortgagor has the right to continue in possession of the chattels and to dispose of them in the usual course of trade, the mortgage itself, or some collateral agreement, must provide, in order for it not to be held void as a matter of law as to creditors, that the mortgagor shall, as he sells the property, apply the proceeds to the mortgage debt or account for such sales. In the present case the mortgages contained no such provision. The mortgagor was free to take the proceeds of the sales and use them in any way in which he might see fit, the only provision being that he should keep the stock equal to the invoice price as then inventoried. The provision for the payment of $100 per month did not call for a payment from the business, but might be furnished to the respondent from any source available to the mortgagors. The respondent was a frequent visitor at the

place of business of appellants and knew that they were allowing the stock to decrease far below the stipulated amount, until at the time of the assignment it was valued at something less than $3,000, and took no steps to foreclose this mortgage before that time.

*Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835, contains the statement of the law of this jurisdiction, although the decision of the case itself was grounded upon another point. The court there had under consideration a mortgage which covered a general stock of merchandise, of which the mortgagors were left in possession with power to dispose of the same in the usual course of trade, without any agreement, oral or written, to apply the proceeds, or any part thereof, to the satisfaction of the indebtedness. The court stated:

"It may be remarked in passing, however, that such mortgages were held void *per se* as to creditors by the territorial court in the cases of *Wineburgh v. Schaer,* 2 Wash. Terr. 328, 5 Pac. 299, and *Byrd v. Forbes,* 3 Wash. Terr. 318, 13 Pac. 715, and no case from the state court has been pointed out to us where a contrary doctrine has been announced. We have held such mortgages valid when accompanied by an agreement, either parol or written, that the proceeds derived from the conduct of the business shall be applied to the satisfaction of the mortgage debt, or to the running expenses, the keeping up of the stock, and the satisfaction of the debt, and have held a mortgage valid where the agreement was that the mortgaged stock should not be reduced below a fixed value; but no case, as we say, holds that a mortgage is valid where the mortgagor is permitted to remain in possession of the property and dispose of it by sale in due course of trade with no obligation to account for such sales prior to the maturity of the mortgage debt."

In *Ephraim v. Kelleher,* 4 Wash. 243, 29 Pac. 985, 18 L. R. A. 604, there was a verbal agreement between the parties to the mortgage that the mortgagor should

have the right to sell the goods in the usual course of trade and with the proceeds pay for such new goods as might be received to maintain the stock, and to devote so much of the proceeds as was necessary to the expense of conducting the business, and apply the balance to the discharge of the mortgage obligation.

In *Van Winkle v. Mitchum,* 66 Wash. 296, 119 Pac. 748, the court sustained the validity of the mortgage by reason of the provision allowing the mortgagor to apply part of the proceeds to the extinction of the indebtedness and the balance to replenishing the stock and in operation of the business.

The mortgage in *Nason & Co. v. Stack,* 81 Wash. 147, 142 Pac. 477, being for $4,000, provided that the mortgagor could reduce the stock, inventoried at the time of the mortgage at $16,000, to $12,000, providing that an amount equal to one-half of the reduction should be applied to the mortgage indebtedness, the court saying:

"That reduction was the limit and, so far as we can observe, there is nothing to gainsay respondent's position that it was considered that a $12,000 valuation would represent all the stock required in the business, and that the payment of one-half of this reduction to the mortgagee would leave ample funds in the hands of the mortgagor to carry on his business and meet his current bills."

We cannot view the facts of this case other than as constituting a situation where the mortgagors were permitted by the mortgagee to remain in possession of the stock and to trade and make sales therefrom in the ordinary course of business, agreeing to maintain the value of the stock equal to that at the time of its inventory, but being allowed to apply the proceeds of the sales to the mortgagor's own use, and under no obligation to account to the mortgagee or to apply the proceeds to the extinguishment of the mortgage debt.

Such mortgage is invalid and void as to general creditors, who in this case are represented by the assignee of the appellants, Scarbrough and Cowen.

As has been indicated, there is in this case no such collateral verbal understanding as this court has in several cases decided would validate a mortgage on a shifting stock of goods, and therefore those cases are not directly before us to be affirmed or reversed; but, in fairness to those interested in questions involving such mortgages, and for their future guidance, it should be stated here that the court is of the opinion that the line of cases sanctioning collateral oral agreements should not be longer followed, being convinced that the rule such cases announce is illogical in reasoning and vicious in result. The proper rule to be applied to mortgages hereafter executed should be that, for a chattel mortgage on a shifting stock of goods, which is to remain in the possession of the mortgagor to be disposed of in the usual course of trade, to be valid the mortgage itself should provide the manner of maintaining and handling the stock, with provisions for an accounting and payments on the mortgage debt from the proceeds of the sale, after allowing for the expenses of the business and of the keeping up or building up thereof, to the end that creditors can, by an examination of the record, discover the real terms and obligations of the mortgage.

The judgment of the lower court is reversed.

All concur.