[No. 17401.   Department One.   January 18, 1923.]

State Bank of Connell, *Appellant,* v. John Deere Plow Company, *Respondent.*[1]

Chattel Mortgages (49)—Validity—Stock in Trade—Sales and Proceeds—Rights of Creditors. A chattel mortgage upon a shifting stock of hardware and implements, left in the possession of the mortgagor to dispose of in the usual course of trade without any agreement as to the application of the proceeds, is void, as against the vendee in a conditional sale contract, which though not recorded, was valid as between the parties.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered January 16, 1922, upon findings in favor of the defendant, in an action for conversion, tried to the court. Affirmed.

*E. M. Gibbons,* for appellant.

*Cake & Cake, L. A. Liljeqvist,* and *B. B. Horrigan,* for respondent.

Holcomb, J.—This case is for the conversion of certain personal property in which appellant claims an interest by virtue of a certain chattel mortgage, dated September 21, 1918, given by one Lane to secure an indebtedness from him to the appellant of $5,000.

The chattel mortgage also included other personal property, including some livestock and farm machinery. The chattel mortgage was regular in all respects, and was properly filed in the office of the auditor of

[1]Reported in 212 Pac. 148.

Franklin county within ten days after its execution. It appeared that some of the property described in the chattel mortgage was property acquired by Lane from respondent, to wit: eight wagons and four grain tanks, and respondent relies upon its superior title to this property by reason of a certain conditional sale contract between Lane and respondent, which was not filed in the office of the auditor of Franklin county, Washington, where the property described was located, within ten days after delivery of the property described therein to Lane. Appellant had no knowledge of the existence of any unrecorded conditional sale contract which would affect the right of Lane to mortgage the property at the time the mortgage was executed and taken by appellant. Appellant subsequently foreclosed its chattel mortgage and sold all of the property therein described, except the eight wagons and four grain tanks, and the amount received from the sale was not sufficient to pay the indebtedness due appellant. The eight wagons and four grain tanks had been removed from Franklin county without the consent of appellant, who could not get possession of them.

From the adverse judgment against it, appellant brought the case here on findings, conclusions and judgment of the trial court, bringing no statement of facts. The findings of the trial court are very full and complete.

Respondent defended in the court below, and defends the judgment here, upon the ground that, although the conditional sale contract was ineffective as against appellant, yet it was valid as between Lane and respondent, and that the chattel mortgage was ineffective as against the respondent, since it was a chattel mortgage upon a shifting stock of merchandise and was therefore void as to creditors, because

the mortgagor was left in possession of the mort-gaged property with power to sell, without any written agreement to apply the proceeds, or any part thereof, to the satisfaction of the indebtedness to appellant.

The trial court made the following finding, in part:

"Both prior thereto and subsequent to the execution of the said mortgage, H. G. Lane carried on a retail hardware and implement business at Eltopia, Washington, and the property above described was held under a conditional sales contract by Lane from the defendant herein, and was a part of the stock in trade of the said Lane; that while the amount of business transacted by the said Lane at the time of the execution of said mortgage and subsequent thereto was not extensive, the said Lane was engaged in a retail hardware and implement business, and disposed of a portion of the mortgaged property in the usual course of trade; that said mortgage given to the plaintiff herein by the said Lane covered a general stock of merchandise of which the mortgagor was left in possession with power to dispose of the same in the usual course of trade without any agreement either oral or written to apply the proceeds, or any part thereof, to the satisfaction of the mortgage indebtedness; that none of the proceeds arising from the sale of the mortgaged property in the usual course of trade was applied in satisfaction or payment of said mortgage indebtedness."

Further findings are to the effect that Lane failed to pay respondent the purchase price of the property involved herein, and under a written order or consent of Lane, respondent retook the eight farm wagons and four grain tanks, and that thereafter Lane went into bankruptcy. It is also found that the wagons were in a knocked-down condition and constituted a portion of the general stock in trade of Lane. The court also found that respondent was, at all times mentioned in the pleadings, the owner of the eight wagons and four

grain tanks and a creditor of Lane, and was in possession of the wagons and grain tanks at the time the suit was started, and before plaintiff had acquired any rights against the same under its chattel mortgage. Under the findings of the trial court, the judgment against appellant necessarily follows. *Keyes v. Sabin*, 101 Wash. 618, 172 Pac. 835; *Miller v. Scarbrough*, 108 Wash. 646, 185 Pac. 625.

The judgment is therefore affirmed.

PARKER, MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.