[No. 18209.   Department Two.   December 14, 1923.]

GENERAL MERCANTILE COMPANY, *Appellant*, v. W. E. WATERS, *Defendant*, SEATTLE MERCHANTS ASSOCIATION, *Intervener and Respondent.*[1]

CHATTEL MORTGAGES (49)—VALIDITY—STOCK IN TRADE—SALES AND PROCEEDS—RIGHT OF CREDITORS. A chattel mortgage upon a shifting stock of merchandise is void where it provides that the mortgagor may retain possession and make sales of the stock, without any requirement that the proceeds of the sale be applied on the indebtedness; and it is immaterial that the mortgagor agrees to keep stock on hand of the value of at least the amount of the mortgage.

Appeal from a judgment of the superior court for King county, Truax, J., entered March 3, 1923, upon findings in favor of the defendant, in an action to foreclose a chattel mortgage, tried to the court. Affirmed.

*Paul & Barker*, for appellant.

*Grinstead, Laube & Laughlin, Harry A. Rhodes*, and *S. G. Climenson*, for respondent.

[1]Reported in 221 Pac. 299.

16—127 WASH.

BRIDGES, J.—In the year 1921, the defendant Waters gave to the appellant, General Mercantile Company, a chattel mortgage covering the goods, wares, merchandise and fixtures located in a certain building, to secure the sum of $2,000. The mortgage contained the following clause:

"It is expressly understood and agreed the the mortgagor has the right to dispose of the above described goods, wares, chattels and merchandise but shall always keep goods and merchandise on hand of the reasonable market value of at least two thousand dollars ($2,000) during the life of this mortgage, and that all goods, wares and merchandise in the possession of and the property of the mortgagor shall be subject to and governed by this mortgage until the full amount of the said mortgage has been paid."

The appellant commenced suit for the foreclosure of this mortgage, making Waters a party defendant. Thereafter the defendant became insolvent and made an assignment to the intervener and respondent, Seattle Merchants Association. The latter attacked the legality of the mortgage, contending that it was void as against creditors of Waters. After trial, the lower court held the mortgage to be void as to all of the mortgaged property except the fixtures therein described, of the value of $217. The sole question raised on this appeal is the validity of the mortgage as to the goods, wares and merchandise. In the case of *Miller v. Scarbrough,* 108 Wash. 646, 185 Pac. 625, decided in 1919, we said:

"As has been indicated, there is in this case no such collateral verbal understanding as this court has in several cases decided would validate a mortgage on a shifting stock of goods, and therefore those cases are not directly before us to be affirmed or reversed; but, in fairness to those interested in questions involving such mortgages, and for their future guidance, it should

be stated here that the court is of the opinion that the line of cases sanctioning collateral oral agreements [concerning the sale in due course of the mortgaged property and applying a portion of the proceeds to the payment of the indebtedness] should not be longer followed, being convinced that the rule such cases announce is illogical in reasoning and vicious in result. The proper rule to be applied to mortgages hereafter executed should be that, for a chattel mortgage on a shifting stock of goods, which is to remain in the possession of the mortgagor to be disposed of in the usual course of trade, to be valid the mortgage itself should provide the manner of maintaining and handling the stock, with provisions for an accounting and payments on the mortgage debt from the proceeds of the sale, after allowing for the expenses of the business and of the keeping up or building up thereof, to the end that creditors can, by an examination of the record, discover the real terms and obligations of the mortgage.''

Appellant has presented to us a carefully prepared brief, seeking to either distinguish the case at bar from that from which we have quoted or to have us recede from the position taken in that case. It argues that, while there is no provision in this mortgage and no collateral oral or written agreement for a reduction of the mortgage indebtedness out of sales of the mortgaged property made in due course of business, yet the mortgage does provide that the mortgagor shall at all times keep on hand goods, wares and merchandise of the value of at least $2,000, and that this provision makes the mortgage valid. It is questionable whether such a mortgage would have been valid as against creditors, even under our decisions made prior to that in the case of *Miller v. Scarbrough, supra.* As to any value of the goods in excess of $2,000, the mortgagor would have a right, under the terms of this mortgage, to dispose of the proceeds as he saw fit, without applying any thereof to the reduction of the debt. But

it seems certain that it is invalid under the doctrine of the *Scarbrough* case. We there expressly held that all the terms of the agreement must be set out in the mortgage itself, and that, among other things, it must provide (if the property is to be sold in the usual course of business) that the proceeds, after the expense of operation and upkeep, should be applied upon the indebtedness. This mortgage does not make any such provision.

It is said in appellant's brief that the portion which we have quoted from the *Scarbrough* case was not necessary to the decision of that case and is therefore dictum. Be it said that what we there wrote was after mature deliberation of the entire court, and if it be dictum in that case, we make it the law of this case.

The judgment is affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.