[No. 18638.  Department Two.  January 16, 1925.]

The State of Washington, *on the Relation of F. J. Gilpatric, Sheriff of Lincoln County et al., Appellants,* v. N. G. Nansen *et al., Respondents.*[1]

Attachment (18)—Levy—Mode and Sufficiency of Levy. There was no valid levy of a writ of attachment upon wheat located upon a farm, where it appears that the deputy sheriff met the owner some miles distant from the farm, and upon the owner's acquiescence notified him that he levied on 1,000 bushels of the 2,000 bushels of wheat then on the farm, at the same time appointing a keeper, taking a receipt from the keeper, the deputy never having seen or segregated the wheat or exercised any control or direction over it when it was all delivered to a warehouseman; Rem. Comp. Stat., § 659, requiring a levy on personal property capable of manual delivery to be made by taking it into custody.

Contempt (5-1)—Interference With Property in Custody of Officer—Invalid Levy. Contempt proceedings do not lie against a third person for interfering with the sheriff's alleged possession of personal property capable of manual delivery, where there was no valid levy of the writ of attachment under which the sheriff claimed, as against third persons, because the property was not taken into custody, even if the levy was acquiesced in and good as against the owner.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 26, 1924, dismissing contempt proceedings, after a hearing before the court. Affirmed.

*Louis A. Dyar* and *Roy C. Fox,* for appellants.

*Freece & Pettijohn,* for respondents.

Holcomb, J.—Appellants instituted this proceeding under § 1049, subds. 7 and 9, and §§ 1050, 1052, and 1058, Rem. Comp. Stat. [P. C. §§ 7442, 7443, 7445, 7451], to secure the punishment of respondents, and in-

[1]Reported in 232 Pac. 329.

demnification for the loss of money judgment, under § 1058, *supra*. The trial court dismissed the application of appellants, who appeal.

Appellant Williams, on November 1, 1923, brought an action in the superior court for Lincoln county against one Harmsen on certain promissory notes. A writ of attachment was issued in that action and placed in the hands of the appellant sheriff for execution. A deputy sheriff was given the writ of attachment with instructions to proceed to the farm of Harmsen and attach certain personal property there located. On the way to the Harmsen farm, the deputy sheriff met Harmsen and his employee, White, proceeding towards the Harmsen farm, each in a wheat wagon, returning from a trip to the warehouse managed by respondent Cubbage, to which they were hauling the wheat. There was no wheat in either of the wagons at the time. The place where the deputy sheriff met these men was between four and five miles distant from the Harmsen farm. On learning who the men were, the deputy sheriff informed Harmsen that he had the writ of attachment and asked Harmsen whether or not there was on his farm any wheat. Harmsen replied that there were approximately two thousand sacks of wheat on the farm. Thereupon the deputy sheriff informed Harmsen that he would levy upon one thousand sacks of the wheat, and asked Harmsen if that would be all right. Harmsen replied that he guessed it would. The deputy sheriff then appointed White, the employee, as keeper for the sheriff, and White agreed to so act. The deputy sheriff then prepared a keeper's receipt for a number of items of personal property, including one thousand sacks of wheat belonging to Harmsen, which receipt White signed. All this took place on the public road at the distance from the property in question as before stated. The deputy sheriff never at any time

saw the wheat or any of it; never took any of it into his possession; never examined nor attempted to mark, segregate or identify any of it; never attempted to exercise dominion over it in any wise whatever. He did not give the keeper any instructions regarding the wheat or what to do with it, except that he cautioned White about "letting anything get away."

After the return of the deputy sheriff to Davenport, the county seat, the two men, Harmsen and White, continued hauling the wheat from Harmsen's farm precisely as they had done previously, until the whole had been delivered to the warehouse. No tickets for the wheat, or any part of it, were ever issued to White as keeper or otherwise by the warehouseman. As fast as the wheat was delivered into the warehouse it was weighed, and immediately commingled with the mass of the wheat therein, its identity becoming at once lost. For several years Harmsen had had some sort of relationship with respondent Nansen, so that each year he delivered his wheat to this same warehouse, and had the wheat tickets issued in the name of himself and Nansen. The 1923 crop was handled by him in the same way. As fast as the wheat was delivered, the warehouse receipts were issued in the name of Harmsen and Nansen—for Harmsen two-thirds, and for Nansen one-third. At no time did Harmsen or White or the sheriff ever request of Cubbage, the warehouseman, that he segregate any of the wheat under attachment. About November 10, or about ten days after the pretended levy of the attachment, White requested Cubbage to issue to him the warehouse receipts, and was then informed that they had already been issued to Harmsen and Nansen. The keeper never at any time designated any particular wheat nor indicated any particular wheat, or sacks of wheat as having been attached by the sheriff.

Contempt proceedings such as these cannot be sustained unless respondents were wilfully guilty either of ''rescuing property in the lawful custody of an officer, held by such officer under process of court,'' or ''some unlawful interference with the process or proceedings of the court,'' under the provisions of the foregoing contempt statutes.

In this case it is conclusively shown that there was no valid levy of the writ of attachment. Our statute, subd. 2, § 659, Rem. Comp. Stat. [P. C. § 7391], provides:

''Personal property capable of manual delivery shall be attached by taking into custody.''

This statute was enacted in 1886, Laws of 1886, p. 42, § 13, and it was held in *Byrd v. Forbes,* 3 Wash. Terr. 318, 13 Pac. 715, that, under our laws of attachment, there is no other way to make an attachment levy upon chattels capable of manual delivery than by taking them into custody. The same holding was made in *Meacham Arms Co. v. Strong,* 3 Wash. Terr. 61, 13 Pac. 245.

We held in *Cupples v. Level,* 54 Wash. 299, 103 Pac. 430, 23 L. R. A. (N. S.) 519, that a writ of attachment under the provisions of the statute therefor must be levied in the same manner as a writ of execution, and that property capable of manual delivery could not be levied upon except by some form of taking into custody.

In the last cited case, a California case, *Taffts v. Manlove,* 14 Cal. 47, 73 Am. Dec. 610, was quoted with approval, as follows:

'' 'It may be admitted, as unquestionably the law is, that a levy may be good as against the defendant in the writ when it would not be good as to third persons. . . . It is too plain for argument that there can be no levy when the officer does not even know the subject of the levy. As well might a sheriff stand

in the street and levy upon the contents of a banking-house as to stand in a store door at midnight, and claim that merely by standing there and preventing any person from coming into the store he had levied on the contents, whatever they were, of the store; and this, without having knowledge of the general nature of the stock, much less of the particular description or value.'"

A number of other cases were cited and quoted in the above cited case, illustrating how a valid levy on personal property by manucaption is made where it is necessary under the statute, and how the levy is invalid if not so made. See, also, 6 C. J. 226; 17 R. C. L., pp. 179, 180, 181, 184, subject "Levy and Seizure."

The wheat in question being capable of manual seizure, the officer never having a view of the wheat, there being no actual seizure or manucaption, even though the writ and levy were valid as against Harmsen, the attachment debtor, it was of no effect whatever as to third persons.

Consequently there was, of necessity, "no rescue from the lawful custody of an officer of personal property," and no "unlawful interference with the processes of the court" by respondents.

For the foregoing reasons, the judgment is affirmed.

Main, Mackintosh, Fullerton, and Mitchell, JJ., concur.