[No. 18975.   Department One.   April 16, 1925.]

SPOKANE MERCHANTS ASSOCIATION, *Respondent*, v. O. M.
MUSSELLMAN *et al., doing business as Columbia
Cigar Store, Appellants.*[1]

PLEADING (112)—AMENDMENT OF COMPLAINT—NEW OR DIFFERENT
CAUSE OF ACTION. In an action against partners and their chattel
mortgagee, in which the mortgaged property was attached as the
property of the partners, and retaken by the mortgagee on a rede-
livery bond, it is proper to allow an amendment so as to proceed
against the partners, as sole defendants, and to determine the pri-
orities between the writ of attachment and the chattel mortgage.

CHATTEL MORTGAGES (49)—VALIDITY—STOCK IN TRADE—SALES AND
PROCEEDS—RIGHTS OF CREDITORS. A chattel mortgage upon a shifting
stock of merchandise, leaving the mortgagors to sell in the course
of trade, to be valid as against creditors, should identify the prop-
erty and must provide for application of the proceeds on the mort-
gage debt and for accounting and payments; and is void as to
attaching creditors where the mortgagors were permitted to dis-
pose of the stock and apply the proceeds to their own use; and it
is immaterial that it contained a provision that the property was
not to be disposed of without the consent of the mortgagee.

CHATTEL MORTGAGES (45)—JUDGMENT (212)—RES JUDICATA—
PARTIES CONCLUDED. Where attaching creditors were not parties to
a chattel mortgage foreclosure, judgment therein is not *res adjudicata*
as to the validity of the mortgage, and does not preclude them from
attacking it in the attachment suit.

ATTACHMENT (42)—BONDS—DISCHARGE OF SURETY. The surety in
a redelivery bond given to recover possession of attached property
by a mortgagee of the debtors, is not prejudiced or released by an
amendment as to parties, relieving him, the principal on the bond,
from personal liability for the debt of the mortgagors in the at-
tachment suit.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered March 22, 1924,
upon findings in favor of the plaintiff, in an action on
contract, tried to the court. Affirmed.

[1]Reported in 234 Pac. 1033.

*E. Eugene Davis* and *Charles E. Swan,* for appellants.

*Fabian B. Dodds,* for respondent.

MAIN, J.—The plaintiff brought this action on an assigned claim for goods, wares and merchandise sold and delivered. The defendants named in the original complaint were O. M. Mussellman, Berg Pattee and Frank Warren, and it was alleged that they were doing business as partners. At the time the action was begun, an attachment was issued and levied upon the property in question. The cause went to trial before the court without a jury, upon an amended complaint in which personal judgment was sought against Mussellman and Pattee, but not against Warren. The property was taken from the sheriff, who held it under the attachment, by Warren upon a redelivery bond which was signed by himself and the United States Fidelity & Guaranty Company. Mussellman and Pattee defaulted. The trial resulted in a judgment sustaining the validity of the attachment, and Warren and the United States Fidelity & Guaranty Company appealed.

Mussellman and Pattee were engaged in the mercantile business in the city of Spokane, under the name of the Columbia Cigar Store. On April 27, 1923, they gave a chattel mortgage to Warren upon the stock, good will and fixtures used in connection with the business. This mortgage was on a printed form, and in the printed matter there was a provision that the mortgagors should not dispose of the property without the consent of the mortgagee. On September 4, 1923, Warren began an action to foreclose the mortgage, making Mussellman and Pattee parties defendant. On September 10, 1923, the present action was begun for the purpose above stated, and the attachment was is-

sued and levied upon the merchandise. On October 15, 1923, Warren, upon the redelivery bond, took the property from the possession of the sheriff. At this time in the foreclosure proceeding there had been no receiver appointed and the property had not been sequestered. The foreclosure action went to judgment. On October 15, 1923, the property was sold upon execution issued in the foreclosure proceeding and was purchased by Warren. In that action was included both the stock and the fixtures. In the present action only the stock or the value thereof is involved.

The appellants first contend that, since the action was originally begun against Mussellman, Pattee and Warren as partners, it could not, by amended complaint, be continued against Mussellman and Pattee with an attachment claimed against the property which had been issued in the original action, but this contention is without merit. The action, as it was finally tried, was nothing more than one against two defendants with the levy of an attachment upon their property, and the court was asked to determine the priority between the attachment and Warren's rights under his chattel mortgage.

The next question is the validity of the chattel mortgage as against an attaching creditor before there was any sequestration of the property under the mortgage foreclosure. The mortgage was upon a shifting stock of merchandise. The trial court found:

"Said chattel mortgage purports to cover a shifting stock of goods which remained ever since the execution of said mortgage in the possession of the mortgagors and was to be disposed of, and was disposed of, in the usual course of trade, and said mortgage failed to provide the manner of maintaining and handling the stock, with provision for an accounting and payments on the mortgage debt from the proceeds of the sale, after allowing for the expenses of the business and of the keep-

ing up or building up thereof, to the end that creditors can, upon an examination of the record, discover the real terms and obligations of the mortgage.''

The appellants attack this finding, but we think it is sustained by the evidence. The mortgage being upon a shifting stock of merchandise, the rule to be applied will be found stated in *Miller v. Scarbrough,* 108 Wash. 646, 185 Pac. 625, where it is said:

''The proper rule to be applied to mortgages hereafter executed should be that, for a chattel mortgage on a shifting stock of goods, which is to remain in the possession of the mortgagor to be disposed of in the usual course of trade, to be valid the mortgage itself should provide the manner of maintaining and handling the stock, with provisions for an accounting and payments on the mortgage debt from the proceeds of the sale, after allowing for the expenses of the business and of the keeping up or building up thereof, to the end that creditors can, by an examination of the record, discover the real terms and obligations of the mortgage.''

The mortgage in question did not comply with that rule and we do not understand it to be contended that it did. The *Scarbrough* case was expressly referred to in *General Mercantile Co. v. Waters,* 127 Wash. 481, 221 Pac. 299, and approved. In *Lung v. Bank of California,* 127 Wash. 615, 221 Pac. 293, the mortgage was not upon a shifting stock of merchandise, but was upon specific personal property, and that case is therefore distinguishable.

It is true that the mortgage in the printed part contains a provision that the property is not to be disposed of without the consent of the mortgagee. But the mortgage on its face and the evidence indicate that it was the intention of all parties that the business should continue to be conducted after the mortgage the same as it had been before.

It is next contended that the foreclosure action was *res adjudicata* and that the respondent cannot raise the question of the invalidity of the mortgage. The respondent was not a party to the foreclosure action and, under the holding in *Kato v. Union Oil Co.,* 92 Wash. 473, 159 Pac. 692, it had a right, even after the foreclosure of the chattel mortgage, to attack its validity. The case of *Spokane Merchants' Ass'n v. First Nat. Bank,* 86 Wash. 367, 150 Pac. 434, L. R. A. 1918A 323, is not in point, as the facts in that case are entirely different. There the plaintiff had sought to intervene and set aside a judgment of foreclosure, and was denied relief and did not appeal. Thereafter it brought an action in equity for the same purpose, and it was there held that the order denying the motion to vacate was a bar to the subsequent proceeding by independent action seeking the same relief.

There is some contention that the bonding company should be released because the action at the time the bond was given was not the same as that upon which the cause went to judgment. The bonding company was not prejudiced by reason of the fact that in the amended complaint, upon which the cause was tried, personal judgment was not sought against Warren. In the course of the action after the bond was given, the bonding company's liability was not increased. In *Petri v. Manny,* 99 Wash. 601, 170 Pac. 127, 1 A L. R. 1595, it was said:

"The intent of the statute clearly is that the bond given to perform the judgment of the court merely contemplates such a judgment as shall follow from the cause of action pleaded at the time of its execution. The defendant and his surety could not be chargeable with having executed a bond to cover any greater liability than that existing at the time release of the attached property was sought. While the authorities hold that an amendment of the complaint to cure de-

fects, after the execution of such a bond, would not defeat a right of recovery on the bond, they just as emphatically hold that such amendment of the complaint cannot subject the liability on the bond to the burden of any new causes of action brought in by way of amendment."

The judgment will be affirmed.

TOLMAN, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.