[No. 19755. Department One. March 18, 1926.]

TAHOMA FINANCE COMPANY, *Respondent*, v. L. F. SHAN-
NON et al., *Defendants*, SEATTLE MERCHANTS'
ASSOCIATION, *Appellant*.[1]

[1] CHATTEL MORTGAGES (49)—VALIDITY—STOCK IN TRADE—SALES AND PROCEEDS—RIGHTS OF CREDITORS. A chattel mortgage upon a shifting stock of merchandise remaining in the possession of the mortgagors to be disposed of in the usual course of trade, is void unless it contains provisions for applying net proceeds to the payment of the mortgage debt.

[2] ATTACHMENT (18)—LEVY—MODE AND SUFFICIENCY. There was no valid levy of a writ on attachment where a sheriff, under an order of court directing him to take possession of chattels in a foreclosure proceeding, posted a notice denominated "notice of attachment," without any affidavit, bond or writ of attachment and without taking actual custody of the chattels or having them in possession.

[3] CHATTEL MORTGAGES (49, 49-1)—VALIDITY—STOCK IN TRADE—EFFECT OF POSSESSION BY MORTGAGEE. Where a chattel mortgage upon a shifting stock of merchandise, to be sold by the mortgagors in the usual course of trade, was void for want of any

[1]Reported in 244 Pac. 271.

provision for application of the proceeds to the mortgage debt, the defect cannot be cured as to either existing or subsequent creditors by the mortgagee's obtaining possession, through an official foreclosure proceeding or otherwise.

[4] CHATTEL MORTGAGES (58-1)—PAYMENT (6)—SATISFACTION—GIV-ING OF RENEWAL NOTE. The giving of a renewal note for the balance, after part payment of a note secured by a chattel mortgage, does not operate to discharge the mortgage, although the original note was cancelled as paid and surrendered, in the absence of any agreement to that effect.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 14, 1925, upon findings in favor of the plaintiff upon sustaining a demurrer to an intervener's complaint, in an action to foreclose a chattel mortgage. Reversed.

*S. G. Climenson* and *Roberts & Skeel,* for appellant.

*Ev. Victoria Wiley* and *Alex Wiley,* for respondent.

HOLCOMB, J.—In this action upon a promissory note and for the foreclosure of an alleged chattel mortgage, appellant intervened by permission of the court and set up by answer two affirmative defenses to the amended complaint of respondent. The first affirmative defense, briefly summarized, is as follows:

That defendants Shannon and Basher as copartners, under the name of Metropolitan Stationery, operated a store at 508 Union Street, Seattle, in the business of buying and selling stationery and similar merchandise at retail. On June 15, 1923, they gave respondent their note for $1,600, and at the same time executed and delivered a chattel mortgage purporting to mortgage all the merchandise and fixtures located at 508 Union Street, Seattle, Washington, designated and known as Metropolitan Stationery. It was the mutual intention of the parties that the mortgagors should remain in possession of the stock of merchandise and sell the same in the ordinary course of business. This was

done, and all of the merchandise located in the store at the time of the execution of the alleged mortgage had been sold and delivered to various purchasers prior to the commencement of this action. The mortgage contained no provision whatsoever for an accounting, or as to the application of the proceeds of sale of the merchandise to the payment of the mortgage debt. Shannon subsequently sold out to Basher, who assumed all the liabilities of the business and moved the business to 420 Union Street. In May, 1924, Basher contemplated making a common law assignment to the Seattle Merchants Association, appellant, for the benefit of his creditors, and on May 5, he did so. On the same afternoon, shortly before the execution of the assignment to appellant, respondent commenced this action, forty days prior to the maturity of the $1,155 note sued upon. Respondent also attempted to attach the fixtures and merchandise at Basher's store, and the sheriff posted a "Notice of Attachment" therein, but no affidavit of attachment or attachment bond was ever given, and no writ of attachment ever issued.

The facts alleged in the second affirmative defense are briefly these: That the mortgage was given to secure the $1,600 note mentioned in the first affirmative defense; that on December 20, 1923, the $1,600 note was fully paid and discharged by Basher giving respondent his check for $555, and his note for $1,155; that that was the intention of the parties; that the secretary of respondent wrote on the $1,600 note "PAID December 20, 1923, Tahoma Finance Co. By E. J. Fenton, Secy.;" that the $1,600 note was then delivered to Basher as a satisfied instrument.

No question was ever raised as to the mortgaged fixtures, respondent having received the proceeds thereof. It was stipulated that appellant, as assignee, should sell the merchandise involved, and hold the proceeds in

trust for the creditors, subject to the lien of respondent's mortgage, if any.

[1] Obviously the purported chattel mortgage was upon a shifting stock of merchandise. There was no provision in it for an accounting. Respondent, however, contends that, after possession was taken by the mortgagee, it was good as to creditors who had not previously obtained any specific lien on the goods, since the mortgage would be good as between the parties to it. We have repeatedly held that, as to chattel mortgages on shifting stocks of goods which remain in the possession of mortgagors to be disposed of in the usual course of trade, to be valid the mortgage in itself should provide the manner of maintaining and handling the stock, with provisions for accounting, and payment of the mortgage debt from the proceeds of the sales, after allowing for the expenses of the business and of the keeping up or building up thereof, to the end that creditors can, by an examination of the records, discover the real terms and obligations of the mortgage. *Miller v. Scarbrough,* 108 Wash. 646, 185 Pac. 625; *State Bank of Connell v. John Deere Plow Co.,* 123 Wash. 167, 212 Pac. 148; *General Mercantile Co. v. Waters,* 127 Wash. 481, 221 Pac. 299; *Spokane Merchants Association v. Mussellman,* 134 Wash. 116, 234 Pac. 1033.

[2] Respondent asserts, however, that all our cases involved stocks of goods where the mortgagee had not taken possession, either by judicial process or otherwise, of the mortgaged property before the property was subjected to his specific lien by general creditors; and that in the instant case possession was taken by the mortgagee through the sheriff's office, under direction of the court before the assignment was made by the mortgagor; and that such fact distinguishes this case from the cases relied upon by appellant.

We cannot agree with respondent. What respondent attempted to do was to get constructive possession of the mortgaged goods through the chattel foreclosure instituted by it and through an order of the court directing the sheriff to take possession of the mortgaged goods. The sheriff made no levy of attachment, and did not attempt to do so, although the notice he posted was denominated "Notice of Attachment." Since no affidavit or bond had been filed, and no writ of attachment issued, there was manifestly no attachment. The seizure was under the foreclosure proceeding. The possession was not that of the mortgagee as was the case in *Urquhart v. Coss,* 60 Wash. 249, 110 Pac. 1001. Nor did he take actual custody of the chattels or have them in possession. Hence there was no valid levy. *State ex rel. Gilpatric v. Nansen,* 132 Wash. 563, 232 Pac. 329.

[3] Nor was the defect in the very substance of the mortgage, which made it a void mortgage as to either existing or subsequent creditors (Rem. Comp. Stat., § 3780), made valid, by either official possession or possession by mortgagee. See *Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835; *Clark v. Kilian,* 116 Wash. 532, 199 Pac. 721.

We have also held that under such statutes and under §§ 1110, 1111, and 1112, Rem. Comp. Stat., an assignee of a mortgagor under a common law assignment for the benefit of creditors, such as appellant here is, might intervene and successfully contest the validity of the mortgage on the grounds here urged. *Miller v. Scarbrough, supra; General Mercantile Co. v. Waters, supra; Spokane Merchants Association v. Mussellman, supra.* Cases and texts cited from other states, where the statutes are different, have no bearing on the question at issue here.

We are firmly of the opinion that the first affirmative defense was a good defense, and the demurrer thereto should have been overruled.

[4]   We are as firmly convinced that the second affirmative defense was not good, and the demurrer thereto was properly sustained.   The making of a partial payment on the original $1,600 note and the giving of a new note in renewal of the balance thereof did not satisfy the debt.   The evidence of the debt had merely been changed.   It still existed for $1,155 and was still secured by the mortgage given for the security of the debt.   A case in point where the renewal note had been marked paid and a new note executed and delivered is *Walker v. Bank of Kendrick,* 238 Pac. (Idaho) 968, in which it is said:

"The great weight of authority is that the renewal of the evidence of a debt does not, in the absence of an agreement between the parties, constitute in law payment of the old debt."

See, also, *Carlson Bros. Co. v. Weidauer & Lansdown Shingle Co.,* 69 Wash. 161, 124 Pac. 397; *Blenz v. Fogle,* 127 Wash. 224, 220 Pac. 790; 2 Jones on Mortgages, §§ 927, 934.

The judgment appealed from is reversed, with instructions to proceed further in accordance with this opinion.

Tolman, C. J., Mackintosh, and Main, JJ., concur.