[No. 18207.   Department Two.   December 27, 1923.]

EDWARD B. LUNG, *as Trustee etc., Respondent,* v. BANK OF CALIFORNIA, *Appellant.*[1]

BANKRUPTCY (18)—ACTIONS BY TRUSTEE—TITLE TO PROPERTY—SALES BY TRUSTEE—DELIVERY TO PURCHASER.   Where a trustee in bankruptcy has not made delivery of personal property sold by him and paid for, with sale confirmed, he has such an interest in the property as to entitle him to contest the foreclosure of a chattel mortgage which was void as to creditors.

CHATTEL MORTGAGES (49)—VALIDITY—STOCK IN TRADE.   A chattel mortgage on property including a shifting stock of merchandise is not void as to specific articles of personalty which were not part of the stock in trade.

SAME (49).   A chattel mortgage on a shifting stock of merchandise is not void where there was no agreement, express or implied, that the mortgagor could sell the stock, but on the contrary provided that this could not be done without the consent of the mortgagee.

BANKRUPTCY (5-1)—PREFERENCES—MORTGAGE TO SECURE ADVANCES—INSOLVENCY—NOTICE TO MORTGAGEE.   To render a chattel mortgage executed within four months of the filing of a petition in bankruptcy void as a preference, it must be shown that the bankrupt was then insolvent, that the same will operate as a preference, and that the mortgagee had reasonable cause to believe that enforcement of the mortgage would so operate; and the evidence sustains findings of such reasonable cause where it is shown that the mortgagee had reduced its claim to judgment which it could not collect and knew of at least one other outstanding obligation considerably larger than its own, and knew the debtor could not meet the obligations in whole or in part.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered February 20, 1923, upon findings in favor of the plaintiff, in an action to enjoin a foreclosure sale and to have a chattel mortgage adjudged void as to creditors of a bankrupt, tried to the court.   Affirmed.

[1]Reported in 221 Pac. 293.

*Raymond J. McMillan* and *Ernest K. Murray*, for appellant.

*Harmon & Keyes*, for respondent.

FULLERTON, J.—On February 17, 1922, and for some time prior thereto, one Mrs. McRae conducted a business in the city of Tacoma under the name of the McRae Petticoat Manufacturing Company. She then had in her possession some ten manufacturing sewing machines, certain shelving desks, certain cutting tables, and a quantity of manufactured petticoats, with other personal property. She was then indebted to the appellant, Bank of California, on a judgment in the sum of $619.36, recovered on a promissory note given by her to the bank to evidence a loan theretofore made to her by the bank. After the entry of the judgment, Mrs. McRae called upon the bank's representatives and requested time to satisfy the same, representing that she could pay the judgment within thirty days. The representative of the bank required security, whereupon she executed a new note bearing date of February 17, 1922, payable in thirty days, and secured the same by executing a chattel mortgage on the property above described. This note she failed to pay at maturity or at all.

On May 12, 1922, Mrs. McRae filed a voluntary petition in bankruptcy in the district court of the United States for the western district of Washington, praying that she be adjudged a bankrupt, attaching thereto a schedule of her debts and liabilities and a schedule of her property. On the same day she was adjudged a bankrupt, and, in due course, Edward B. Lung, the respondent in this action, was elected her trustee in bankruptcy. After his election, the trustee petitioned for an order directing a sale of the bankrupt's property. This order was granted, and pursu-

ant thereto the trustee sold the property to one Hofstetter for the sum of $905. The trustee thereupon petitioned the court for a confirmation of the sale, which order was granted on June 19, 1922, and the sum received as the purchase price of the property paid into the registry of the court.

On June 22, 1922, the appellant bank placed its mortgage in the hands of the sheriff for foreclosure by notice and sale. After the sheriff had seized the property in pursuance of the foreclosure, the trustee in bankruptcy brought the present action to enjoin him from further proceeding; to have the property returned to the trustee, and to have the mortgage adjudged void as to the creditors of the mortgagor. A temporary restraining order was issued, and to save the costs of the care of the property pending the trial of the cause, and that the purchaser might have unincumbered possession of it, the parties entered into the following stipulation:

"It is stipulated and agreed between the parties hereto that C. Hofstetter shall deposit with the clerk of the above entitled court, the sum of Nine Hundred ($900) Dollars in lieu of the property covered by the chattel mortgage of the defendant herein, and that the parties hereto shall have the same claims to, interests in and liens against said fund as they now have against the property covered by said mortgage, or as to any part or portions thereof pro rata to the value thereof."

Issue was subsequently joined on the complaint of the trustee, and a trial had which resulted in a decree declaring the mortgage void as to the creditors of the bankrupt. This appeal is from the decree entered.

The appellant first contends that the title and beneficial interest to the property in question passed to the purchaser at the bankruptcy sale, and that, in consequence, the trustee in bankruptcy has no such in-

terest as will entitle him to contest the appellant's right to foreclose its mortgage; in other words, that he is not the real party in interest. But we think the contention not tenable. While it is true there had been a sale of the property, a payment of the purchase price, and a subsequent confirmation of the sale prior to the seizure of the property by the appellant, there had been no delivery of the property by the trustee to the purchaser. It is a general rule, of course, that where there is a contract to sell specific or ascertained goods, the property in them is transferred to the purchaser at such time as the parties to the contract intend it to be transferred. But it is equally the rule that if the contract contemplates a delivery of the goods to the purchaser, the property in them does not pass until there has been a delivery. It is said in Black on Bankruptcy (3d ed.), vol. 2, p. 1019, that in the case of a sale of personal property, it is the duty of the trustee to deliver the property to the purchaser. The author points out that this duty has been held in some cases to be personal rather than official, and that trover can be maintained against the trustee for a failure to deliver; but we think it must follow from the very fact that there is a duty to deliver the property, whether the duty be personal or official, that the trustee has such an interest in the property prior to its delivery as will enable him to maintain an action against anyone who wrongfully interferes with his possession.

The trial court held the mortgage void as to the creditors of the mortgagee on two grounds; first, that it was upon a shifting stock of merchandise; and second, because it operated as a preference.

The first ground upon which the court adjudged the mortgage invalid we cannot think well founded. The mortgage covered in part certain specific articles of

personal property which in no sense can be said to consist of the mortgagor's stock in trade, and as to these articles it was valid regardless of the question of its validity in so far as it covered her stock of merchandise held for the purposes of trade. But we think the trial judge mistook the applicable rule as to mortgages upon property of the latter sort. A mortgage upon a stock of merchandise is not void merely because of the character of the property. Chattel property of this sort is as much subject to mortgage as is any other specie of chattel property. Such a mortgage is invalid only where the mortgagor is conducting the business of buying and selling merchandise, and there is an agreement between the mortgagor and the mortgagee that the former may continue the business without accounting to the latter for the proceeds of the sale. In this instance there was no express or implied agreement that the mortgagor could sell the stock of merchandise. On the contrary, the mortgage provided in express terms that the mortgagor should not sell or dispose of any part of the mortgaged property without the consent of the mortgagee. Such a mortgage is not void on its face as to creditors. What might be the rule should the mortgagee knowingly permit the mortgagor to continue his business as before without an accounting need not now be determined as nothing of the sort happened in this instance.

The second question is of more difficulty. By the terms of the bankruptcy act it is not enough to avoid a mortgage merely to show that the mortgage was executed within four months before the filing of the petition in bankruptcy, but it must be further shown that the bankrupt was then insolvent, that the mortgage will operate as a preference to the mortgagee, and that the mortgagee, or his agent acting therein, then had reasonable cause to believe that the enforce-

ment of the mortgage would effect a preference. (See Bankruptcy Act, § 60b.) That the present mortgagor was insolvent at the time of the execution of the mortgage, and that the enforcement of the mortgage will result in a preference in favor of the mortgagee over creditors of the same class, the evidence hardly admits of doubt. The troublesome question is whether the mortgagee, at the time of the execution of the mortgage, had reasonable cause to believe that the mortgagor was insolvent and the enforcement of the mortgage would result in an unlawful preference. On this question the evidence of the trustee was to the effect that the obligation secured by the mortgage had been outstanding for a considerable time; that the mortgagee, although a part of its business was the loaning of money, had come to regard it as an undesirable loan; that it had itself vainly tried to induce payment; that it placed the claim in the hands of its attorney, who had brought an action thereon, had obtained a judgment, and had caused execution to issue on the judgment; that the very property mortgaged had been seized by the officer having the writ in execution, and that the mortgage in question was given while the officer had possession of the property under the writ. It was further shown that a Mrs. Brown held the note of the mortgagor for $2,000, which in the month of November preceding the month of February in which the appellant's mortgage was given, she had placed with the mortgagee for collection; that the mortgagee held the note until some time in the following month when it returned it to its owner, reporting that it was unable to collect it. The mortgagor testified that, at the time of the execution of the mortgage she told the agent of the mortgagee of her then financial situation— the statement being to the effect that her liabilities

then equalled, if they did not exceed, her assets.    But
this latter statement was denied by the agent, and the
probabilities, viewed in the light of the then situation,
seem rather to be with the agent than the mortgagor,
and somewhat plausible explanations were given of
certain of the other matters recited.    But by the terms
of the statute the trustee was only obligated to show
that the mortgagee had reasonable cause to believe
that his mortgage would work a preference to avoid it.
He did show that the mortgagee had positive knowl-
edge of at least one other outstanding obligation of the
debtor, which was considerably larger than its own,
and that it knew that the debtor was unable to meet
these obligations either in whole or in part.    It is
strong evidence of insolvency when a trader is unable
to meet his obligations as they mature, and stronger
evidence when he is given time and opportunity and
fails to meet them.    This court must say, before it will
overturn the findings of the trial court on a given fact,
that the evidence preponderates against the finding.
In this instance we are unable to do so, although we
might have affirmed a contrary conclusion.

The judgment is affirmed.

MAIN, C. J., BRIDGES, MITCHELL, and PEMBERTON, JJ.,
concur.